## SCHNEIDER v. ELDREDGE.

#### (Circuit Court, N. D. Illinois, N. D.    November 2, 1903.)

#### No. 26,690.

1. REMOVAL OF CAUSES—CAUSES REMOVABLE—SUIT ON CLAIM AGAINST ESTATE.
   A suit on a claim against the estate of a decedent is within the removal act, although the claim was originally filed in the probate court.

2. SAME—DIVERSITY OF CITIZENSHIP—REAL PARTY IN INTEREST.
   Under the Illinois statute, which gives any one aggrieved by the order of a probate court allowing a claim the right to appeal, as construed by the Supreme Court of the state, any person appealing, other than the administrator, may prosecute the appeal in his own name. *Held*, that where the claimant was the administrator, and an administrator pro tem. was appointed by the probate court to represent the estate, but the claim was actually contested by an heir of the decedent, who appealed from an order allowing the claim, the question of diversity of citizenship between the parties was to be determined upon the citizenship of such appellant, and not upon that of the administrator pro tem.

3. SAME—TIME FOR REMOVAL—TRIAL IN PROBATE COURT.
   An heir of a decedent, who contests a claim against the estate in the probate court in Illinois, which is a court of record, and there goes to trial on the merits, cannot thereafter remove the cause from the circuit court, to which he has taken it on appeal.

On Motion to Remand to State Court.

H. M. Kelly and F. D. Ayers, for claimant.

John F. Haas and Frank E. Hayner, for objector.

KOHLSAAT, District Judge.    Plaintiff was duly appointed and qualified as administratrix of the estate of Bertha C. C. Schneider, deceased, by the probate court of La Salle county, Ill.   On November 19, 1901, while still acting as such administratrix, she filed her two claims against her decedent's estate, one in the sum of $550, for moneys paid out by her for her intestate, and the other in the sum of $7,200, for services as nurse and for care and maintenance.   On November 25, 1901, the probate court appointed Edgar Eldredge administrator pro tem. in both causes.   On November 26, 1901, William F. Mayer appeared as an heir at law of claimant's decedent, and filed his objections to the allowance of said claims, setting up that he had an interest in the estate which would be affected by the allowance or rejection thereof.   On December 10, 1901, claimant was permitted by the court to increase her demands in the sum of

¶ 1. Probate jurisdiction of federal courts, see note to Bedford Quarries Co. v. Tomlinson, 36 C. C. A. 276.

¶ 2. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

¶ 3. See Removal of Causes, vol. 42, Cent. Dig. § 10.

$876. On January 2, 1902, the said claims were consolidated. On January 3, 1902, a trial was had before a jury of six men, who rendered a verdict for claimant in the sum of $7,595.39, and the court thereupon allowed said consolidated claims for said sum as of class 7. From this order said Wm. F. Mayer prayed an appeal to the circuit court of La Salle county, aforesaid, which was granted upon his filing his appeal bond in the penal sum of $250. On January 11, 1902, the same was approved. The appeal was afterwards duly perfected, and the cause proceeded, entitled as above. Afterwards the said circuit court forced the cause to trial, and rendered judgment for the claimant against the protest of Mayer, who then took an appeal to the proper appellate court. On hearing had, that court reversed the said circuit court judgment on the ground that the court had not at the time of such action jurisdiction in the matter for that purpose. Said cause was docketed in the appellate court under the title of Wm. F. Mayer v. Mary L. C. Schneider. Afterwards, and on March 9, 1903, and in due time, said Mayer presented his petition and bond for removal, which were in proper form. On March 19, 1903, the petition was denied by said La Salle county circuit court. Thereupon the record was on March 26, 1903, duly filed in this court.

The cause now comes on to be heard upon motion to remand. In support of the motion, plaintiff insists:

(1) That because the suit is founded upon a claim filed originally in the probate court it does not come within the meaning of the statute granting a removal. I do not deem this point well taken, and it is overruled.

(2) That the administrator pro tem. and the plaintiff both being citizens of this state, there is no diversity of citizenship. It appears that defendant Mayer is now, and was when the claim was filed, and also at the time of filing the petition for removal, a nonresident, and a citizen and resident of Columbus, Ohio. Was the question of diversity of citizenship to be determined upon the citizenship and residence of the administrator pro tem? Under the statute of Illinois, any one aggrieved by the order of a probate court allowing a claim has the right to appeal. Section 72 of the administration act of Illinois (Hurd's Rev. St. 1899, c. 3) provides that, "when an administrator or executor presents a claim against the estate of his decedent or testator, the court shall appoint some discreet person to appear and defend for the estate, and upon the hearing the court or jury shall allow such demand or such part thereof as is legally established. * * * Should any executor or administrator appeal in such case, the court shall appoint some person to defend as aforesaid." While this, by its terms, applies only to appeals by the claimant, executor, or administrator, it determines the status of the administrator pro tem. His duties would seem to end with the probate court. However that may be, in the case of Pfirshing v. Falsh, 87 Ill. p. 260, the court holds that, under the statute allowing any one aggrieved an appeal, any person, other than the administrator appealing, may prosecute the appeal in his own name, and need not use the name of the administrator. The appeal in this case seems to have been docketed by the clerk of the circuit court in

the name of the administrator pro tem., who, it seems, did not appear nor pay any further attention to the case. There would seem to be some confusion as to the manner of docketing such cases in the circuit court, as the statute does not prescribe the method. But, from the records of all three of the courts in which the case was heard, it is manifest that Mayer was the only moving party, especially in the circuit and appellate courts. It is true that the record does not disclose the condition of decedent's estate as to whether there will remain anything for distribution to the heirs at law of decedent. In the absence, however, of any suggestion of such a situation in the record, I must assume that the defendant Mayer has a substantial interest in the case. While it is well established that the residence of the representative of a deceased person controls the question of jurisdiction, yet in a case such as this, considering the Illinois law, this court will take into consideration the actual party in interest, Mayer, as though he were the original defendant. He was at the time of the filing of the claim, and at the time of filing of the petition for removal, a nonresident and a citizen and resident of Ohio. The diversity of citizenship required by the statute in such case is therefore established.

(3) The claim that both of the heirs of claimants decedent should join in the petition for removal is not well taken, and is overruled.

(4) It is urged that Mayer did not file his petition to remove the cause in apt time. Under the removal act of March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508], and Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], the cause was removable from the state court having original jurisdiction. Clearly the probate court had original jurisdiction in that matter, as had also the circuit court of La Salle county and this court. Having gone to trial in the probate court, and the case having been disposed of upon the merits, Mayer has lost his right to bring the cause to this court. He is no more a party to the proceeding now than he was at the time he filed his objection in the probate court to the allowance of the claim. The trial in that court was the full equivalent of the words, "any time before the defendant is required by the laws of the state or rule of the state court * * * to answer or plead." There could be no removal from the circuit court, after such a trial, even though the statutes provide for a trial de novo. Craigie v. McArthur, Fed. Cas. No. 3,341, decided by Judges Nelson and Dillon; Hess v. Reynolds, 113 U. S. p. 80, 5 Sup. Ct. 377, 28 L. Ed. 927 (arguendo). The cases seemingly holding to the contrary, so far as I have been able to ascertain, are based upon the theory that the trial body was not a court of record. Cases cited and turning upon the right of removal on account of prejudice are not in point. The probate court of Illinois is a court of record. The case at bar was tried by a jury.

The motion to remand is granted.