**Robert BISCUP, Petitioner,**

v.

**PEOPLE of the STATE of NEW YORK, Respondent.**

**Cr. No. 6515–C.**

United States District Court,
W. D. New York.

March 25, 1955.

---

4. Bettinger v. Northwestern Nat. Cas. Co., 8 Cir., 213 F.2d 200, certiorari denied, 348 U.S. 856, 75 S.Ct. 80.

Edward E. O'Neill, Gowanda, N. Y., and Charles H. Price, Jamestown, N. Y., for petitioner.

Jacob K. Javits, Atty. Gen. of the State of New York, Alfred B. Silverman, Asst. Atty. Gen., of counsel, for the People.

KNIGHT, Chief Judge.

Robert Biscup, an Indian and a member of the Seneca nation, has applied to this Court for removal of a criminal proceeding instituted before a Justice of the Peace in the town of Carrollton in the County of Cattaraugus, New York.

Biscup was arrested and charged with the violation of Section 185 of the Conservation Law of the State of New York, McK.Consol.Laws, c. 65. That Act, insofar as applicable, provides as follows:

"§ 185. Big game license; open seasons; limit; manner of taking; possession; transportation;

"1. Special license required. No person shall hunt, pursue or kill any deer or bear with a gun or long bow without first having procured a big game license in the manner provided in subdivision three of section one hundred eighty.

" *    *    *    *    *    *

"(c) If an Indian resident, or a member of the six nations residing on a reservation wholly or partly within the state, to take wild deer having horns not less than three inches in length and bear not less than one year old, two dollars as a license fee and twenty-five cents to the issuing clerk.

" *    *    *    *    *    *

"4. Transportation. The taker may transport the entire carcass of one deer; the head and carcass separately; portions of the carcass; as hereinafter provided.

"The taker may transport the entire carcass of his deer provided the head is attached thereto in a natural way and to the carcass is attached his license-tag."

Biscup was apprehended on November 17, 1954 in Allegany State Park, which is not part of the reservation of the Seneca nation, by an officer of the Conservation Department, while he was transporting two hind quarters of deer meat, which were untagged and which he had killed on the Allegany Indian reservation. Biscup was arraigned before the Justice of the Peace in the town of Carrollton on December 4, 1954, for violation of Section 185 supra. Biscup at that time appeared specially and raised the question of the jurisdiction of the Justice's Court to try him on the ground that he was not required, as an Indian and member of the Seneca nation, to have a hunting license and that such rights were preserved to him by Federal statutes and treaties between the Seneca nation and the United States.

The State Court held that it had jurisdiction to try the offense and that Biscup, even though an Indian, residing on the Seneca Indian reservation, was required to obtain a hunting license and that he was guilty as charged for the transportation of the deer which was untagged.

At the trial it appeared that the deer in question had been slain by Biscup on the Allegany reservation and transported by him to the place where he was arrested.

In finding the defendant guilty the State Court imposed a sentence of 60 days and suspended the same. Notice of appeal was subsequently filed to the Cattaraugus County Court and the present application to remove was made to this Court February 21, 1955, pending said appeal.

The Attorney General of the State of New York, appearing on behalf of the respondent, has raised the timeliness of the petition for removal. Under Section 1446, Title 28 U.S.C., insofar as applicable, it is provided:

"[Subdivision] (c) The petition for removal of a criminal prosecution may be filed at any time before trial."

■ The Courts have uniformly asserted that the right to remove a matter from a State Court to the United States Court is wholly statutory, Little York Gold-Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656 and can be exercised only in the cases and in the mode designated by Congress, Burnett v. Spokane, P. & S. R. Co., D.C., 210 F. 94. The source of the right and the authority to remove is found in the Judiciary Law, §§ 1441–1445, Title 28 U.S.C. Before a party can avail himself of the right, he must show on the record that his is a case which comes clearly within the provisions of the statute, Compania Minera y Compradora de Metales Mexicano, S. A., v. American Metal Co., D.C., 262 F. 183; Edwards v. E. I. DuPont de Nemours & Co., 5 Cir., 183 F.2d 165, and the right to removal must be exercised in the mode and manner set forth in the removal statute, Peavey v. Reed Co., Inc., D.C., 41 F.Supp. 351. The right of removal being in derogation of state sovereignty, should not be enlarged beyond what is definite and free from ambiguity, McCaffrey v. Wilson Co., D.C., 10 F.2d 368. The right to removal, resting as it does entirely upon statutory enactment, cannot be extended to criminal proceedings unless warrant therefor is found in the Acts of Congress.

■ Congress has not only provided for the classes of cases in which removal may be effected from the State to the Federal Courts, but has also fixed the steps and procedure to be followed in accomplishing the removal. In a criminal prosecution the petition for removal must be filed before trial, 28 U.S.C. § 1446(c). The present statute, insofar as the time for removal is concerned is imperative and mandatory, and must be strictly construed and complied with, Kramer v. Jarvis, D.C., 81 F.Supp. 360, owing to the fact that the law was designed to restrict the jurisdiction of the Federal Courts.

■ No discretion is conferred on Federal Courts to extend or enlarge the time in which to petition for removal, Cyc. of Fed.Proc. Vol. 2, P. 334.

■ The defendant Biscup, having been arrested on November 17, 1954 and tried on December 4, 1954, no reason has been advanced why an application for removal to this Court was not made prior to trial and this Court holds that said application after trial is not timely made.

■ The defendant has raised in the State Court the question of the jurisdiction of the State Court to try the offense with which he was charged and from his conviction in the State Court the defendant has taken an appeal. This seems to be further cause for denying the application to remove, Schneider v. Eldredge, C.C., 125 F. 638; Stevenson v. Williams, 19 Wall. 572, 86 U.S. 572, 22 L.Ed. 162.

The jurisdictional and constitutional question having been raised in the State Court, that Court can properly treat with those questions in the Appellate Court.

The petition for the issuance of an order to the Clerk of the County Court of Cattaraugus, New York, to remove and transfer all papers and pleadings in the above case to the Clerk of the United States Court of this District is denied.