**The PEOPLE OF the STATE OF NEW YORK, Plaintiff-Petitioner,**

v.

**Betty O. MUKA, Defendant-Respondent.**

**Magistrate's Docket No. 53349.**

United States District Court, N. D. New York.

Nov. 14, 1977.

34

Elizabeth Bixler Yanof, Ithaca, N.Y., for plaintiff-petitioner.

Betty O. Muka, pro se.

MUNSON, District Judge.

On or about August 5, 1975, a Tompkins County Grand Jury handed up Indictment Number 75–50, charging defendant Betty O. Muka, the respondent herein, with the crime of UNLAWFUL IMPRISONMENT IN THE SECOND DEGREE, a class A misdemeanor, in violation of New York Penal Law § 135.05. The charge arose out of an incident whereby defendant Muka purported to place Joseph Joch, Jr., the Tompkins County District Attorney, under a citi-

zen's arrest, pursuant to New York Criminal Procedure Law § 140.30.[1]

A jury trial upon Indictment Number 75–50 was conducted in Tompkins County Court, commencing on April 19, 1976. The trial was presided over by Honorable Bruce G. Dean, and was prosecuted by Ms. Elizabeth Bixler Yanof, appointed by Judge Dean as a Special District Attorney for purposes of that case. A verdict of guilty as charged was returned by the jury on April 26, 1976. On June 17, 1977, following the denial of various post-trial motions made by her, but prior to sentencing, defendant Muka filed with this Court a Petition of Removal under 28 U.S.C. § 1443.

Presently pending before this Court is a motion, brought on behalf of the People of the State of New York, to remand the case as having been improperly removed. Also pending are several cross-motions brought by defendant Muka, in which she seeks such diverse forms of relief as joinder of this action with other criminal and civil actions,[2] appointment of an attorney for purposes of seeking advice from him, dismissal of the Indictment, a Writ of Certiorari for transmittal of all state court records in this case to this Court, and a hearing upon the motion to remand.

■ The right to remove a case from a local forum into federal court is solely one conferred by statute, rather than one which is constitutionally derived. *Perrin v. Walker*, 385 F.Supp. 945 (E.D.Ill.1974); *Biscup v. People*, 129 F.Supp. 765 (W.D.N.Y.1955). Inasmuch as the removal statutes represent Congressionally-authorized encroachments by the federal courts into the various states'

sovereignties, those provisions must be strictly construed, and their established procedures rigidly adhered to. *Id.*

■ Title 28 U.S.C. § 1446(c) allows for a criminal case to be removed to federal court at any time prior to the commencement of trial. The Petition in the present case was, therefore, untimely filed, coming as it did some fourteen (14) months after the commencement of defendant's trial.[3] *People of State of New York v. Horelick*, 424 F.2d 697, 699, fn. 2 (2d Cir. 1970), cert. den. 398 U.S. 939, 90 S.Ct. 1839, 26 L.Ed.2d 273 (1970), reh. den. 400 U.S. 883, 91 S.Ct. 116, 27 L.Ed.2d 121 (1970); 1A Moore's Federal Practice ¶ 0.168[3.–6]. The limitation imposed by 28 U.S.C. § 1446(c) cannot be extended, either by the Court in its discretion, or by stipulation of the parties. *Perrin v. Walker, supra; cf. Kansas City Railroad v. Daughtry*, 138 U.S. 298, 11 S.Ct. 306, 34 L.Ed. 963 (1891). The case must therefore be remanded to Tompkins County Court as having been untimely, and therefore improperly, removed.

■ Procedural defects notwithstanding, defendant Muka's Petition must nevertheless be rejected on the merits. The language of 28 U.S.C. § 1443(1) clearly indicates that that subdivision relates solely to the inability to enforce, in state courts, civil rights which are specifically stated in terms of race. *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *People of the State of New York v. Horelick, supra.* Consequently, that subdivision has no application in the present case. Title 28 U.S.C. § 1443(2) has been interpreted as being

---

1. That section authorizes a citizen's arrest for: a) a felony which the accused actually committed, or b) an offense actually committed by the accused in the presence of the arresting citizen. New York Criminal Procedure Law § 140.30.

2. This Court is not aware of any related actions now pending in either state or federal court with which this case could be joined.

3. It is interesting to note that Congress has recently amended Title 28 U.S.C. § 1446 so that, effective October 1, 1977, a removal petition under that provision must be filed within thirty (30) days after arraignment upon the

charges in State Court, or any time before trial, *whichever is earlier.* Pub.L. No. 95–78 § 3, 91 Stat. 319–322 (1977). Moreover, in order to avoid unnecessary delay or disruption of State Court proceedings, oftentimes caused by frivolous and dilatory petitions for removal, Congress has provided that a removal petition will not stay State Court action in the matter, except that a judgment of conviction may not be entered until the petition for removal is denied by the United States District Court within which it is filed. 1977 U.S. Code Congressional and Administrative News pp. —— et seq.

available only to federal officers who, while "affirmatively executing duties under any *federal* law providing for *equal* civil rights", come under attack in a state forum. *Greenwood v. Peacock*, 384 U.S. 808, 824, 86 S.Ct. 1800, 1810, 16 L.Ed.2d 944 (1966) (emphasis added); *People of State of New York v. Galamison*, 342 F.2d 255 (2d Cir. 1965), cert. den. 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965). That subdivision, it is said, may also shield a state official who has refused to enforce a state law on the basis that it was racially discriminatory. *People of State of New York v. Horelick*, *supra.* In this case, relating as it does to a private citizen prosecuted for attempting to enforce a statutory right having no racial implications, either patently or as it applies in this instance, 28 U.S.C. § 1443(2) likewise has no application. The Petition for Removal must therefore also be rejected on the merits.

In remanding this case, the Court expresses no opinion as to the substance of petitioner's many arguments in support of removal. The various errors cited by the defendant are all of such a nature that they can adequately be presented to, and passed upon by, the state appellate courts. Defendant Muka may certainly present any alleged constitutional violations to a federal court, at a proper time, by way of a motion for a Writ of Habeas Corpus under 28 U.S.C. § 2254. See *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ Defendant Muka has asked this Court to allow her to file a criminal Information and Complaint against several named individuals, and to issue arrest warrants or Summonses upon that Complaint. It is well settled that a private citizen has no right to prosecute a federal crime. *Connecticut Action Now, Inc. v. Roberts Plat-*

*ing Company, Inc.*, 457 F.2d 81, 86 (2d Cir. 1972); *Keenan v. McGrath*, 328 F.2d 610 (1st Cir. 1964); *United States v. Panza*, 381 F.Supp. 1133 (W.D.Pa.1974). Federal crimes are prosecuted by the United States Attorney, who possesses an absolute and unreviewable discretion as to what crimes to prosecute. 28 U.S.C. § 547(1); *United States v. Kysar*, 459 F.2d 422 (10th Cir. 1972); cf. *Moss v. Ward*, 434 F.Supp. 69, 71 (S.D.N.Y.1977). What defendant Muka seems to misapprehend is that a criminal prosecution is brought on behalf of the United States as a whole, rather than to vindicate private rights, a purpose better suited by· the bringing of a civil action.

In the course of oral and written argument upon this motion to remand, defendant Muka has raised several tangential issues, some of which the Court feels compelled to address. Mrs. Muka has strenuously objected to the fact that notice of this motion was filed on June 23, 1977, less than ten (10) days prior to the appointed date for oral argument, as required by Rule 9(c).[4] of the Northern District of New York General Rules (1975). Based upon the objection registered by Mrs. Muka, this Court adjourned the date upon which the motion was to be heard from June 27, 1977, until July 5, 1977. Defendant Muka now claims that this was in violation of Rule 10[5] of the Northern District of New York General Rules, inasmuch as there was to be no regularly scheduled motion day for the month of July.

■ Mrs. Muka has apparently not carefully read either of the local rules cited in support of her argument, as they both clearly authorize the Court to order otherwise than required under the rules. Moreover, it is axiomatic that a court possesses broad discretion in applying its local rules.

---

**4.** "Except as otherwise ordered by the court, no motion shall be brought on for argument, unless the papers upon which the same is made have been filed with the clerk at least ten days prior to the date fixed for argument. . . . " Northern District of New York General Rule 9(c).

**5.** "Unless otherwise ordered by the court: (a) Motions and hearings on exceptions and on all

other contested matters shall be heard on the first and third Monday of each month, except in July and August, at Albany, New York; on the second Monday of each month, except in July and August, at Syracuse, New York; and on the fourth Monday of each month, except in July and August, at Utica, New York. . . " Northern District of New York General Rule 10.

*Hawes v. Club Ecuestre El Comandante,* 535 F.2d 140 (1st Cir. 1976); *Bardin v. Mondon,* 298 F.2d 235 (2d Cir. 1961). This Court might add that Mrs. Muka has been accorded an extreme amount of courtesy, insofar as time limits for filing papers in regard to this motion are concerned. At oral argument on July 5, 1977, Ms. Yanof, appearing for the People of the State of New York, was given until July 8, 1977, to file any supplemental papers on the motion, with Mrs. Muka having until July 18, 1977, to respond. Ms. Yanof's papers were received by the Court on July 7, 1977. Mrs. Muka, however, requested and was granted two adjournments of her deadline, the last extending until August 5, 1977. Mrs. Muka's papers, which were considered by this Court in deciding the motion were not filed until August 8, 1977. This Court therefore feels that Mrs. Muka was treated fairly and was accorded every courtesy to which she, as a *pro se* party, was entitled. Finally, the Court notes that Mrs. Muka's accusations that her case was treated specially and unfairly, in regards to the scheduling of the motion hearing for July are simply unfounded. The Court need only point out that numerous special motion days were conducted in this District throughout July and August. In fact, four motions, in addition to the present one, were scheduled for oral argument on July 5, 1977.

Mrs. Muka has demanded that an evidentiary hearing be held prior to any ruling upon this motion, inasmuch as there are allegedly several issues of fact raised by her which cannot be refuted by Ms. Yanof, who does not possess personal knowledge of those facts. (See Mrs. Muka's Affidavit of July 2, 1977, ¶ 82). Such a hearing is not required, however, as none of the alleged issues of fact cited by Mrs. Muka, whether in ¶ 82 of her Affidavit or elsewhere, are germane to the disposition of this motion. Assuming the truth of every allegation made by Mrs. Muka in her removal petition, the motion to remand must nevertheless be granted. An evidentiary hearing is therefore not required for a determination of the pending motion.

One final issue raised by defendant Muka is the alleged illegality of Ms. Yanof's continued representation of the People of the State of New York, in spite of the fact that the term of court for which she was appointed as a special prosecutor has long since expired. This Court considers this argument as being totally irrelevant to the issues at hand, and accordingly will not weigh it in deciding this motion. The alleged illegality of Ms. Yanof's continued representation of the People certainly does not render this case any more removable than if she is properly representing the People. This issue would be better addressed to a state appellate court when the judgment of conviction is reviewed on appeal.

The motion to remand this case to Tompkins County Court is granted. The cross-motions of the respondent, Betty O. Muka, are denied as therefore being moot. This Court will not order the filing of the criminal Information and Complaint proffered by Mrs. Muka.

It is so ordered.