The PEOPLE OF the STATE OF
NEW YORK,

v.

Tom BELL (Charged as Thomas Campanella), Defendant-Petitioner.

No. 85 CR 472.

United States District Court,
E.D. New York.

Sept. 9, 1985.

---

Tom Bell, pro se.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner is charged in New York State's Suffolk County District Court, First District, with escape, resisting arrest, and numerous traffic violations. *People v. Thomas Campanella,* Index No. 85/3561. He has filed a petition to remove that criminal action to this Court. 28 U.S.C. §§ 1443, 1446. The Court has reviewed the petition and the supporting papers. For the reasons developed below, the action is remanded.

### Facts

Petitioner's papers reveal that since the date of his arrest he has deluged the Suffolk County District Court with pleadings and memoranda in which he asserts numerous constitutional rights. The gist of these state-court claims is that he is a sovereign over whom the state lacks jurisdiction, that the state lacks the power to regulate his use of an automobile, and that he was unlawfully arrested. After several appearances before the state court, petitioner was arraigned on April 24, 1985. The Court entered pleas of not guilty in petitioner's behalf to the misdemeanor charges of escape and resisting arrest. No trial has been held.

Petitioner asserts numerous grounds for removal. He alleges, *inter alia,* that he was unlawfully arrested without a warrant, beaten so that he would give information and submit to fingerprinting, denied assistance of counsel, denied food and water for 30 of the 52 days he was imprisoned prior to his arraignment, and denied a suppression hearing. According to petitioner, these constitutional violations entitle him to a trial in federal court.

### Discussion

■ The right to remove a case from state to federal court is entirely a creature of statute. *People of the State of New York v. Muka,* 440 F.Supp. 33, 35 (N.D.N.Y.1977). The statutes governing removal

of this criminal action are 28 U.S.C. §§ 1443 and 1446.

 Section 1446(c)(1) provides that:

A petition for removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the petitioner leave to file the petition at a later time.

Petitioner was arraigned on April 24, 1985. He filed the removal petition on August 9, 1985, well beyond the statutory 30-day maximum. At no time did petitioner request an extension of time to file the petition; and no good cause for granting an extension appears in the papers. Because the petition is untimely, the case must be remanded to state court. *See People of the State of New York v. Muka, supra,* 440 F.Supp. at 35.

 Notwithstanding the procedural defect in the petition, it must also be rejected on the merits. 28 U.S.C. § 1443(1), the only removal statute remotely related to this action, permits removal from the state court of a criminal action brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States...." That statute has been construed to apply solely to a defendant's inability to enforce, in a state court, civil rights specifically stated in terms of race. *See Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966); *cf. People of the State of New York v. Galamison,* 342 F.2d 255, 269 (2d Cir.) (§ 1443 "applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights"), *cert. denied,* 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965).

Petitioner's papers do not implicate any specific civil rights protecting racial equality. Indeed, nowhere does petitioner claim that any of the constitutional transgres-sions committed by the state court relate to his race.

 Assuming the truth of all of petitioner's allegations, the action must be remanded to the state court. Petitioner's claims may all be presented to, and passed upon by, the trial and appellate courts of New York State. Additionally, the claims may be raised at the proper time before a federal court by way of a petition for a writ of habeas corpus. *See People of the State of New York v. Muka, supra,* 440 F.Supp. at 36; *People of the State of New York v. Jenkins,* 422 F.Supp. 412, 414–15 (S.D.N.Y.1976).

For the foregoing reasons, this criminal action is hereby remanded to the State of New York.

SO ORDERED.