**PEOPLE OF the STATE OF NEW YORK**

v.

**David MITCHELL, a/k/a Harold Jones, Defendant.**

**No. 86 Civ. 4207 (MGC).**

United States District Court, S.D. New York.

June 26, 1986.

David Mitchell, pro se.

## MEMORANDUM AND ORDER

CEDARBAUM, District Judge.

The petitioner, David Mitchell ("Mitchell") seeks the removal, pursuant to 28 U.S.C. §§ 1443(1) and 1446, of a criminal case pending against him in the Supreme Court of the State of New York, New York County. After carefully considering the petition for removal and construing all allegations most favorably to petitioner, I find that the petition fails to state adequate grounds for removal of the proceeding to federal court. In addition, the petition must be dismissed as time-barred under the time limitation prescribed by 28 U.S.C. § 1446(c)(1).

*Background*

As set forth in the petition for removal, Mitchell has been arrested pursuant to three different, but related, indictments in the state court. His first arrest was in November 1984, when he surrendered purporting to be Harold Jones whom the police sought on charges of forgery.[1] Mitchell had no prior record and was released on his own recognizance. On or about July 16, 1985 Mitchell again surrendered on an arrest warrant intended for Harold Jones.[2] Mitchell was arraigned on the second indictment and released on his own recognizance.

On December 11, 1985, while the charges under the first two indictments were pending, the prosecution discovered that Mitchell was not Harold Jones. Petitioner was then arrested and charged[3] with criminal impersonation of Harold Jones and forgery of fingerprint cards. After arraignment on these charges, Mitchell was held for a number of days without bail. He sought and was granted federal habeas corpus relief in December 1985, and was ultimately released on his own recognizance.

Petitioner alleges that, thereafter on May 6, 1986, he was remanded to custody in violation of his right to a bail hearing. On May 8, 1986, petitioner applied to this Court for further habeas corpus relief. The court denied his application because he had failed to exhaust his state remedies. Petitioner is now being held on $15,000 bail.

*The Petitioner Has Failed to Allege Adequate Grounds for Removal*

Mitchell seeks to remove the prosecution pending against him for criminal impersonation and forgery of fingerprint cards pursuant to 28 U.S.C. §§ 1443(1) and 1446. Petitioner claims that because he is black, he "cannot enforce in the Courts of the State of New York his rights under the

---

1. The first indictment in this action upon which defendant was arrested is Number 6868/84.

2. Indictment Number 4235/85.

3. Indictment Number 7919/85.

laws providing for the equal civil rights of the citizens of the United States."[4]

■ Section 1443(1)[5] provides for the removal to the federal district court of any action pending against any person who is denied or cannot enforce in the state court a right under any law providing for the equal civil rights of citizens of the United States. The right to remove a proceeding from state court to federal court is created by statute rather than derived from the Constitution. Because the removal statutes constitute a congressionally authorized encroachment by the federal court upon the sovereignty of the state courts, they should be strictly construed and their procedures rigidly adhered to. *People of the State of New York v. Bell*, 617 F.Supp. 47 (E.D.N.Y.1985); *People of State of New York v. Muka*, 440 F.Supp. 33 (N.D.N.Y. 1977). Moreover, Section 1443 was not intended to work a wholesale dislocation of the historic relationship between the state and federal courts in the administration of the criminal law. *City of Greenwood v. Peacock*, 384 U.S. 808, 831, 86 S.Ct. 1800, 1814, 16 L.Ed.2d 944 (1966).

■ The Supreme Court has developed a two-pronged test to analyze the merits of a petition for removal. First, the court must determine that the right allegedly being denied arises under a federal statute providing for a specific civil right which is stated in terms of racial equality. Second, the court must determine that the petitioner cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975).

Mitchell sets forth as grounds for removal only the general allegation that because he is black he cannot enforce his civil rights in the New York state court. As evidence thereof, he asserts that of the seven defendants involved in the three indictments he describes, only two are black; that the white defendants have all been released upon their own recognizance; and that the black defendants have been "pressured" individually to enter into a deal with the prosecution, while remaining in custody the entire time. Petitioner claims that this reflects a record of unequal treatment of the black defendants and the white defendants, resulting in a violation of his civil rights.

■ Defendant's allegations amount to a general contention, based largely on conjecture, that he cannot obtain a fair trial in the state court. To the extent that Mitchell relies on violations of general constitutional rights other than civil rights that are expressed in terms of racial equality, those rights are inadequate to support the petition for removal. In *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), the Supreme Court said:

> the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

*Id.* at 792, 86 S.Ct. at 1790. In order to justify the removal of a criminal proceeding from state court, the alleged denial of equal civil rights must arise from a formal

---

**4.** In his papers, petitioner challenges the state's treatment of him on a number of grounds: setting excessive bail; causing petitioner to interrupt his medical treatment to attend a hearing; and allegedly improper treatment and diagnosis of his medical condition. Petitioner also has outstanding at this time a motion in the state court to dismiss Indictment 7919/85 on grounds of double jeopardy.

**5.** 28 U.S.C. § 1443 provides in pertinent part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

expression of state law manifesting the denial. *United States ex rel. Perkins v. Noble,* 287 F.Supp. 365 (E.D.N.Y.1968). In *City of Greenwood v. Peacock, supra,* the Supreme Court stated:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. *Georgia v. Rachel* ... [384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925] *Strauder v. West Virginia,* 100 U.S. 303 [(10 Otto), 25 L.Ed. 664].

384 U.S. at 828, 86 S.Ct. at 1812. Since the petitioner has not referred the court to a single provision of the laws of New York that will operate to deny him his equal civil rights if the trial is permitted to go forward in state court, the petition for removal must be denied. *See People of the State of New York v. Jenkins,* 422 F.Supp. 412 (S.D.N.Y.1976).

The errors of the state court of which petitioner complains can all be presented to and passed on by the state courts. Assuming the truth of all of petitioner's allegations, nothing in the petition indicates that Mitchell's civil rights will be compromised in any way if the trial proceeds in state court.

*The Petition for Removal is Untimely*

 Section 1446(c) requires:

> A petition for removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier....

28 U.S.C. § 1446 (1982). Defendant's arraignment in *People v. Mitchell a/k/a Jones* took place on December 15, 1985. While § 1446(c)(1) provides that the court may grant leave to file for good cause shown even after the thirty days have passed, petitioner has offered no cause for his failure to seek removal within the thirty-day time limit of section 1446(c)(1). Accordingly, this petition for removal, filed more than five months after the arraignment in state court, must be dismissed as untimely.

■ The trial of this case has apparently been postponed on a number of occasions due to the medical condition of the defendant. The state court appears to be prepared to go forward with the trial as soon as possible. The removal statute is not intended as a means of aborting or interrupting a state trial. *People of the State of New York v. Jenkins,* 422 F.Supp. 412 (S.D.N.Y.1976).

Accordingly, the petition for removal is hereby dismissed pursuant to section 1446(c)(4).[6]

SO ORDERED.

---

**6.** 28 U.S.C. § 1446(c)(4) provides:

The United States district court to which such petition is directed shall examine the petition promptly. If it clearly appears on the face of the petition and any exhibits annexed thereto that the petition for removal should not be granted, the court shall make an order for its summary dismissal.