**PROTEUS FOODS & INDUSTRIES, INC.,**
**Plaintiff,**

v.

**NIPPON REIZO KABUSHIKI KAISHA,**
**Defendant.**

**No. 67 Civ. 2567.**

United States District Court
S. D. New York.
Nov. 21, 1967.

obtained an order to show cause why the action should not be remanded to the state court. The order to show cause provided that a motion of defendant to dismiss the complaint be stayed pending determination of plaintiff's motion to remand. Defendant cross-moved for an order permitting a substitution of a surety bond for $500.00 in place of the certified check deposited in lieu of the removal bond.

The applicable removal statute, 28 U.S.C. § 1446(d), requires that:

> Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

The only issue presented for determination is the adequacy of the substitution of a certified check in lieu of a bond for the costs of removal.

Where a petitioner, properly moving for removal, presents a petition for removal and a bond having "good and sufficient surety", removal must be granted. In re Removal Cases, 100 U.S. 457, 25 L.Ed. 593 (1879). The right to removal is a statutory creation and the procedure to be followed upon removal is simply that prescribed by the statutes. The removal statutes are generally to be strictly construed against the right of removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The filing of a bond to secure removal costs is required by the federal statute, but the failure to file the bond does not create jurisdictional problems. Filing a bond is a formal procedural step which may be waived by the plaintiff, Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093 (1885); Tucker v. Kerner, 186 F.2d 79, 23 A.L.R.2d 1027 (7th Cir. 1950);

Charles Gottlieb, Gerald M. Kleinbaum, Gottlieb & Schiff, New York City, for plaintiff.

Dean Holbrook, New York City, for defendant.

MOTLEY, District Judge.

### Memorandum and Order

Defendant filed, on July 3, 1967, a petition for removal of plaintiff's cause of action from the Supreme Court, New York County, to this court, on the ground of diversity of citizenship. A certified check of defendant's attorney, in the amount of $500.00 and entitled "Bond for Removal", was filed with the clerk of the court. The check was accepted by the clerk "In Lieu of Bond for Costs of Removal". On July 18, 1967, plaintiff

National Quicksilver Corp. v. World Ins. Co., 139 F.2d 1 (8th Cir. 1944); but absent a waiver, formal though the procedure may be, a bond as contemplated by the statute must be given. Richlin Adv. Corp. v. Central Florida Broadcasting Co., 122 F.Supp. 507 (S.D.N.Y.1954).

 Here, the defendant has failed to file a bond. Instead of a bond, defendant has filed a certified check entitled "Bond for Removal". This is not the procedural and formal requirement mandated by the Congress. This court is not empowered to rewrite the federal statute under the guise of construing it. There is no difficulty in understanding what is meant by a "bond". Numerous federal statutes require the posting of a bond before certain relief can be granted or considered. No case has been cited as authority for the proposition advanced by the defendant and the court finds none. *Shamrock*, supra, admonishes us to construe the removal statutes with a view to their uniform application. In Beecher v. Smithson, 217 F.2d 304 (9th Cir. 1954), cert. denied, 349 U.S. 945, 75 S.Ct. 873, 99 L.Ed. 1271, rehearing denied, 350 U.S. 855, 76 S.Ct. 39, 100 L.Ed. 760 (1955), a personal check sent under protest did not cure a defective filing of an appeal bond under Rule 73(c) of the Fed.R.Civ.P.

This court does not accept the contention that a certified check, ipso facto, serves the same functions and secures the same objectives as a removal bond. In the words of the statute, the bond must be so "conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings", if the removal is improper. There are no such conditions stated explicitly or implicitly on this check. The endorsement on the check, "Bond for Removal", might constitute such conditions. However, a bond would indicate in whose favor the obligation would run. This certified check, according to defendant's memorandum, was made payable to the "Clerk, United States District Court". This order form does not give plaintiff the same iron-clad guarantee which a bond would give. A bond would state explicitly that a definite sum will be paid plaintiff upon the occurrence of a specified event.

 The court rejects defendant's request that he now be permitted to file a proper bond despite the expiration of the 30 day limitation. 28 U.S.C. § 1446 (b). This is not a case where a defective bond may be amended or cured. See Tucker v. Kerner, 186 F.2d 79, 23 A.L.R.2d 1027 (7th Cir. 1950). This is an instance where no bond has been filed. The time limit of the removal statute has expired. See Beecher v. Smithson, supra.

As a final consideration, the court notes that the 1966 amendment to Rule 73, Fed.R.Civ.P., liberalized that rule to provide that an appellant, upon appeal, may give bond or "equivalent security". This appears to be recognition of the fact that cash or check was not previously accepted in lieu of bond. Although, in the view of this court, the better practice may be to require either bond or equivalent security in all cases demanding a bond, the Congress has not yet seen fit to so provide.

The motion to remand is granted and the defendant's cross motion is denied.