**Toni PERRIN, Plaintiff,**

v.

**Charles E. WALKER et al.,
Defendants.**

**Civ. A. No. 74-183-E.**

United States District Court,
E. D. Illinois.

Dec. 2, 1974.

---

Jerome J. Schlicter, East St. Louis, Ill., for plaintiff.

Michael B. Constance, Belleville, Ill., for defendants Byron L. Harris and Yellow Freight Systems, Inc.

Allen D. Churchill, East St. Louis, Ill., for defendants Charles E. Walker and Lindberg Cadillac Leasing Co.

## ORDER

FOREMAN, District Judge:

This action was originally instituted in the Circuit Court of St. Clair County, Illinois. Defendants, Yellow Freight Systems and Byron L. Harris, filed a timely Petition for Removal in this Court pursuant to 28 U.S.C. § 1446. Jurisdiction was predicated upon diversity of citizenship. The other defendants, Charles E. Walker and Lindberg Cadillac Leasing Company did not join in or otherwise consent to the petition

within the thirty (30) day period allotted in 28 U.S.C. § 1446(b).[1] Subsequently, defendants Walker and Lindberg Cadillac Leasing filed a consent and joinder in removal. The consent and joinder was filed approximately forty (40) days after Walker and Lindberg were served. Later, plaintiff moved to remand on the ground that not all defendants had consented to the removal within the requisite limitation period.

Yellow Freight and Harris, the defendants who filed the original removal petition, have filed a memorandum opposing the remand, contending that (1) the thirty-day statutory limitation is not jurisdictional and (2) that when a co-defendant consents to the removal after the expiration of the thirty-day period, but before the filing of a motion to remand, the consent of the co-defendant "relates back" to the filing of the removal petition.

■■ The right of removal and the procedure for removal are entirely statutory. 28 U.S.C. § 1441 et. seq. Moreover, the removal statutes must be strictly construed and a federal court may encroach upon a state court's right to determine cases properly brought before the state court only with the express authority given by Congress. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Bradley v. Maryland Casualty Co., 382 F.2d 415 (8th Cir. 1967); Hoyt v. Sears, Roebuck & Co., 130 F.2d 636 (9th Cir. 1942); Resident Advisory Board v. Tate, 329 F.Supp. 427 (E.D.Pa.1971); Wood v. DeWeese, 305 F.Supp. 939 (W.D.Ky.

1969); Proteus Foods and Industries, Inc. v. Nippon Reizo Kabushiki, 279 F.Supp. 876 (S.D.N.Y.1967).

■ There is no allegation that this suit contains separate and independent claims or causes of action pursuant to 28 U.S.C. § 1441(c).[2] Absent such a claim, the general rule is that all defendants except purely nominal defendants who have been served and who could join in the removal petition must join.[3] Chicago, Rock Island and Pacific Railway Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325 (5th Cir. 1970); P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co., 395 F.2d 546 (7th Cir. 1968); Bradley, supra; Coogan v. DeBoer Properties Corp., 354 F. Supp. 1058 (S.D.Tex.1973).

Several courts have held that compliance with the 30-day time limitation for removal action is not a jurisdictional pre-requisite. Adams v. Western Steel Buildings, Inc., 296 F.Supp. 759 (D.Colo.1969); Meyers-Arnold Company v. Maryland Casualty Company, 248 F.Supp. 140 (D.S.C.1965).

The fact that the filing of the removal petition within the limitation period is not a jurisdictional pre-requisite is not dispositive of the issue in the instant action. The determination that compliance with the time limits is not jurisdictional merely permits a federal court to hear the case when the plaintiff waives his right to have the action remanded to the state court. In this

---

1. Title 28, § 1446(b) provides in relevant part, as follows:

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

2. Some commentators have expressed doubts about whether there can really be such a case, particularly in light of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). See, for example, C. Wright, Law of Federal Courts, § 39, 2d ed. 1970.

3. The present rule has been subjected to some criticism and the A.L.I. has proposed that any defendant who could remove if sued alone should be able to remove. A.L.I., Division of Jurisdiction, Tentative Draft No. 5 (1967), Commentary P. 218.

action, there has been no such waiver and the important issue is whether the Court must strictly enforce the statutory limits when presented with a motion to remand.

██ Both the great weight of authority and the better reasoning support the proposition that the time limitation is mandatory and must be strictly applied and where a party fails to file a petition within the applicable time limits, he is precluded from doing so. Vendetti v. Schuster, 242 F.Supp. 746 (W.D.Pa.1965); Seigler v. American Surety Company, 151 F.Supp. 556 (N.D. Cal.1957); Sunbeam Corp. v. Brazin, 138 F.Supp. 723 (E.D.Ky.1956); Biscup v. People, 129 F.Supp. 765 (W.D. N.Y.1955).

██ Thus, under the prevailing view, neither a stipulation of the parties nor an order of the state court may extend the time to file a removal petition. *Sunbeam Corp., supra;* Burns v. Standard Life Insurance Co. of Indiana, 135 F.Supp. 904 (D.Del.1956). In addition, the federal district court does not have authority to extend this time period pursuant to Rule 6(b), Federal Rules of Civil Procedure. Lusk v. Lyon Metal Products, 9 F.R.D. 250 (W.D. Mo.1949); Hamilton v. Hayes Freight Lines, 102 F.Supp. 594, 597 (E.D.Ky. 1952). Nor does Rule 6(e) enlarge the time for removal. Youngson v. Lusk, 96 F.Supp. 285, 289 (D.Neb.1951).

In Crawford v. Fargo Manufacturing Co., Inc., 341 F.Supp. 762 (M.D.Fla. 1972), the court was confronted with a factual situation very similar to the one in this action. In that case where one defendant filed a timely petition for removal and the other defendant did not file a joinder or consent until after the statutory limitation and after the plaintiff had moved to remand the action to the state courts, the court held that the case must be remanded. It stated:

"The strict constructional standards [of the removal statute] considered in tandem with the policy of resolving doubt in favor of state court juris-

diction and the absence of any waiver on the part of the plaintiff convinces this court that plaintiff's motion to remand is well taken and ought to be granted." (341 F.Supp. at 764).

██ Other courts have also held that the failure of one of the defendants to take affirmative action seeking removal until after the 30-day time limitation has expired may not be cured retroactively. Manis v. North American Rockwell Corp., 329 F.Supp. 1077 (C.D.Cal.1971); Maybruck v. Haim, 290 F.Supp. 721 (S.D.N.Y.1968); Norwich Realty Corp. v. United States Fire Insurance Co., 218 F.Supp. 484 (D.Conn.1963).

Therefore, plaintiff's Motion to Remand this action is hereby granted. It is hereby ordered that this action be remanded to the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois.