Billy M. FRIEDRICH

v.

WHITTAKER CORPORATION et al.

Civ. A. No. H–79–79.

United States District Court,
S. D. Texas,
Houston Division.

March 27, 1979.

Jamail & Kolius, Houston, Tex., S. Gus Kolius, Houston, Tex., and Edward Woolery-Price, Columbus, Tex., for plaintiff.

Fulbright & Jaworski, Houston, Tex., Jack L. Allbritton, Houston, Tex., for defendants Whittaker Corp. and Dennis Dupree.

Baker & Botts, Houston, Tex., Joseph D. Cheavens, Houston, Tex., for defendant Noble Drilling Corp.

Royston, Rayzor, Vickery & Williams, Houston, Tex., Decatur J. Holcombe, Houston, Tex., for defendants Union Oil Co. of California and Buckley O'Day, Jr.

## MEMORANDUM AND ORDER

STERLING, Judge.

This cause of action for personal injury arises out of an accident which occurred on a fixed, offshore oil platform in the Gulf of Mexico on the Outer Continental Shelf of the United States and off the coast of Texas. Plaintiff filed suit in the District Court of Harris County, 165th Judicial District of Texas. The Defendants were served on the following dates:

| | |
|---|---|
| Whittaker Corporation | – 1–2–79 |
| Noble Drilling Corporation | – 11–20–78 |
| Union Oil Company of California | – 11–15–78 |
| Dennis Dupress | – 12–7–78 |
| Buckley O'Day, Jr. | – 12–13–78 |

On January 12, 1979, all Defendants joined in a petition for removal. Plaintiff now moves to remand the case to state court on the basis that the petition for removal was untimely filed. Plaintiff contends that since the removal petition was not filed within thirty days of the first date of service on a Defendant (Union Oil Company of California), the petition is untimely even though all Defendants subsequently consented to removal. Defendants counter by asserting that this court has exclusive jurisdiction of this case pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*, and therefore should retain this case as a matter of discretion.

It is a general rule that all defendants, except purely nominal parties, who have been served and who may properly join in a removal petition, must so join in order to effect removal. 28 U.S.C. § 1441(a); 1A Moore's Federal Practice (Moore's) ¶ 0.168[3.–5] pp. 447–448; *Perrin v. Walker*, 385 F.Supp. 945 (E.D.Ill.1974); *Tri Cities Newspapers Inc. v. Tri Cities Printing Pressmen and Assistants Local 349*, 427 F.2d 325 (5th Cir. 1970). In other words, unanimity among all defendants substantively entitled to remove is required for removal. Section 1446(b) states that a

petition for removal shall be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b). Since unanimity of all defendants is required for removal, the rule has evolved that if the first defendant served does not file a petition for removal within thirty days of service, he waives his right to remove. Thus subsequently served defendants who attempt to remove within thirty days of their service may not remove since they could not include the first defendant in their petition for removal. 1A Moore's ¶ 0.168[3.–2] p. 451, n. 18, ¶ 0.168[3.-–5] p. 478; *Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D.Cal. 1972); *Crocker v. A. B. Chance Co.*, 270 F.Supp. 618 (S.D.Fla.1967); *Fugard v. Thierry*, 265 F.Supp. 743 (N.D.Ill.1967); *Hutchins v. Priddy*, 103 F.Supp. 601 (W.D.Mo. 1952). Failure of a defendant to seek removal within the thirty day time limitation may not be cured retroactively by consenting to and joining a subsequently served defendant's petition for removal. *Transport Indemnity Co. v. Financial Trust Co., supra; Perrin v. Walker, supra; Manis v. North American Rockwell Corp.*, 329 F.Supp. 1077 (C.D.Cal.1971); *Maybruck v. Haim*, 290 F.Supp. 721 (S.D.N.Y.1968). Although the thirty day time limitation is not jurisdictional, it is a formal rule of procedure, *Adams v. Western Steel Building, Inc.*, 296 F.Supp. 759 (D.Colo.1969), which is strictly applied. *Perrin v. Walker, supra; Vendetti v. Schuster*, 242 F.Supp. 746 (W.D. Pa.1965).

■■ Pursuant to 28 U.S.C. § 1447(c) a case removed "improvidently" shall be remanded to the state court. A removal is improvident if there is not compliance with the thirty day filing requirement. *London v. United States Fire Ins. Co.*, 531 F.2d 257 (5th Cir. 1976); *In Re Merrimack Mutual Fire Ins. Co.*, 587 F.2d 642 (5th Cir. 1978). Therefore, none of the Defendants having filed a petition for removal within thirty days of the first date of service on a Defendant, this case should be remanded to the state court, unless there is some other rule of law requiring some other treatment of the case. This court is convinced that there is such a rule, therefore the case shall not be remanded to the state court.

■ The jurisdiction of a federal court over a case removed from a state court is derivative in nature. If the state court lacks jurisdiction over the case, the federal court acquires none, although it might, in a similar suit originally brought in federal court, have had jurisdiction. 1A Moore's ¶ 0.157[3] p. 47; *General Investment Co. v. Lake Shore & Michigan Southern Ry. Co.*, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922); *Lambert Run Coal Co. v. Baltimore and Ohio R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Minnesota v. United States*, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *Steele v. G. D. Searle Co.*, 483 F.2d 339 (5th Cir. 1973) reh. den. en banc, 485 F.2d 688, cert. denied 415 U.S. 958, 94 S.Ct. 1486, 39 L.Ed.2d 572 (1974). Therefore, if this case is one in which the federal courts have exclusive jurisdiction, the state court could not have had original jurisdiction. In such event, this court could not now maintain derivative jurisdiction and the case would have to be dismissed. The question thus becomes whether the federal courts have exclusive jurisdiction over personal injury claims arising out of accidents on fixed oil rigs in areas covered by the Outer Continental Shelf Lands Act. This court believes that the federal courts have such exclusive jurisdiction and therefore, lacking derivative jurisdiction, the case must be dismissed.

The congressional intent to place exclusive federal jurisdiction over the Outer Continental Shelf was explained by then District Judge, now Circuit Judge, Alvin B. Rubin in *Fluor Ocean Services, Inc. v. Rucker Co.*, 341 F.Supp. 757, 759–860 (E.D.La. 1972):

". . . the intent of Congress to make activities on the outer Continental Shelf subject exclusively to the control of the federal government is evidenced by the wording of various sections of the Act. Section 1332 provides, '[I]t is declared to be the policy of the United States that

the subsoil and seabed of the outer Continental Shelf appertain to the United States and are subject to its jurisdiction, control, and power of disposition as provided in this subchapter.' Section 1333(a)(1) states, 'The Constitution and laws and civil and political jurisdiction of the United States are extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands and fixed structures . . . to the same extent as if the outer Continental Shelf were an area of exclusive Federal jurisdiction located within a State . . . .' Section 1333(a)(2) continues, in relevant part, 'All of such applicable laws shall be administered and enforced by the appropriate officers and courts of the United States,' and Section 1333(a)(3) cautions, 'The provisions of this section for adoption of State law as the law of the United States shall never be interpreted as a basis for claiming any interest in or jurisdiction on behalf of any State for any purpose over the seabed and subsoil of the outer Continental Shelf, or the property and natural resources thereof or the revenues therefrom.

\*    \*    \*    \*    \*    \*

"In addition, in an area where the federal government has exerted exclusive sovereignty, such as the outer Continental Shelf, a single federal forum would be more appropriate than multiple state forums to decide disputes that arise there.

"Thus, in controversies which may be only indirectly connected with operations on the outer Continental Shelf conducted for the purpose of developing natural resources, this court finds it has original jurisdiction."

Although the holding of the next to last paragraph of Judge Rubin's opinion seems clearly to state that federal court jurisdiction is exclusive in such cases, the last paragraph, summarizing the holding, states only that such jurisdiction is original which does not necessarily include exclusive. The result in *Fluor*, i. e., refusal to remand, does not necessarily contemplate a total lack of jurisdiction in the state court. If such had

been the holding in *Fluor*, the result, under the authorities cited above, would have been dismissal. The *Fluor* case did not, as does the case at bar, display a procedural infirmity in the removal process itself which makes this case somewhat, although not totally, different on the question of the propriety of dismissal. In this connection it might be argued that because the case was improvidently removed, the only avenue open to this court would be to remand. The court, however, is of the opinion that this result would be improper and wasteful.

Although this court may be lacking in derivative jurisdiction to determine the merits of the case (which this court feels is the result of an insupportable rule in federal question removals), it nevertheless has jurisdiction to determine not only the procedural propriety of the removal but the matter of its jurisdiction as well. If this case were remanded there could be no appeal from the order of remand and the question of the exclusivity of federal court jurisdiction would have to make its way through the state courts with only a mere possibility of resolution by a federal court, where the decision should be made, on a petition for certiorari to the Supreme Court after the state courts have had their say. A dismissal by this court at this stage on the grounds stated would set the stage for a prompt, authoritative resolution of the issue by the federal appellate court.

Only one case, *Gravois v. Travelers Indemnity Co.*, 173 So.2d 550 (La.App.1965, writ ref'd 247 La. 1016, 175 So.2d 301), has directly faced the issue. The Louisiana court held that jurisdiction was exclusive in the federal courts. The thoughtful dissent in that case demonstrates that there is room for disagreement as to the intent of Congress in this regard. Nevertheless for the reasons stated, this court holds that exclusive jurisdiction of this cause is in the federal courts and, for that reason, the state court had no jurisdiction of the merits from which this court can derive such jurisdiction upon removal. Therefore, this case must be dismissed. It is so ordered.