**Americo A. BALESTRIERI and Emma Balestrieri, his wife**

v.

**BELL ASBESTOS MINES, LTD., Asbestos Corporation, Ltd., Johns-Manville Corporation, Johns-Manville Amiante Canada, Inc., Managing Agent Johns-Manville Sales Corporation, GAF Corporation, Carey Canada, Inc., The Celotex Corporation, Turner Asbestos Fibres, Ltd., Turner & Newall, Ltd., Manville Corporation.**

Civ. A. No. 82–1480.

United States District Court,
E. D. Pennsylvania.

July 27, 1982.

Edward Rubin, Lansdale, Pa. and Thomas J. Mullaney, Jr., Norristown, Pa., for plaintiffs.

Edward B. Joseph, Fredric Goldfein, Ominsky, Joseph & Welsh, Philadelphia, Pa., for Asbestos Corp., Ltd.

Robert St. Leger Goggin, Daniel J. Ryan, Jr., Philadelphia, Pa., for Johns-Manville.

Edward Greer, Charles Kalinowski, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for GAF Corp.

Joel Gusky, G. Wayne Renneisen, Philadelphia, Pa., for Carey Canada, Inc.

Thomas O. Malcolm, Malcolm & Riley, West Chester, Pa., for Celotex Corp.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

### BACKGROUND

Plaintiffs instituted this action in the Court of Common Pleas, Montgomery County, Pennsylvania, on January 29, 1982. The complaint charged the defendants with tortious conduct which caused plaintiff, Americo A. Balestrieri, to contract a disease resulting from exposure to asbestos.

The complaint was served on defendants on these dates:

| | | |
|---|---|---|
| 1) | GAF Corporation | 2/18/82 |
| 2) | Johns-Manville Corporation | 2/19/82 |
| 3) | The Celotex Corporation | 2/19/82 |
| 4) | Manville Corporation | 2/19/82 |
| 5) | Johns-Manville Sales Corporation | 2/26/82 |
| 6) | Bell Asbestos Mines, Ltd. | 3/ 3/82 |
| 7) | Asbestos Corporation, Ltd. | 3/ 3/82 |
| 8) | Johns-Manville Amiante Canada, Inc. | 3/ 3/82 |
| 9) | Carey Canada, Inc. | 3/ 3/82 |

Bell Asbestos Mines, Ltd. ("Bell"), filed a petition for removal to federal court on April 1, 1982, 29 days after service but 42 days after the first defendant, GAF Corporation ("GAF") was served. All defendants joined in the April 1, 1982 removal petition and the case was removed to this court.

On April 9, 1982, plaintiffs filed a motion to remand under 28 U.S.C. § 1447(c), on the ground that the removal petition was untimely because it was not filed within 30 days of service on GAF, even though all defendants subsequently consented to removal.

■ Defendants have responded that GAF's failure to timely remove within 30 days was merely a technical defect cured when it consented to Bell's petition, and not ground for remand.

### DISCUSSION

The time limit for removal of civil cases to federal district court is found in 28 U.S.C. § 1446(b), which provides that:

[t]he petition for removal of a civil action or proceeding shall be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. [emphasis added]

*Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699, 701 (E.D.Pa.1977). This 30-day limitation is mandatory and cannot be extended by the court. Furthermore, this provision has consistently been interpreted to require all served defendants, unless nominal parties only, to join in the removal petition within the 30-day period. *Anuzelli v. Carey Canadian Mines, Ltd., et al.*, No. 81–115 (E.D.Pa. June 4, 1981); *Royster v. Carey Canadian Mines, Ltd., et al.*, No. 80–121 (E.D.Pa. February 26, 1981); *Crompton, supra; Sun Oil Company of Pennsylvania v. Department of Labor and Industry*, 365 F.Supp. 1403 (E.D.Pa.1973).

Where all defendants have not timely joined in a petition to remove in other asbestosis suits before this court, the cases have been remanded to state court, *Mustacchio v. Bell Asbestos Mines, Ltd.*, No. 81–4282 (E.D.Pa. January 27, 1982, Ditter, J.); *Anuzelli, supra* (Luongo, J.); *Stella Dolewa v. Carey Canadian Mines, Ltd., et al.*, No. 81–4171 (E.D.Pa. January 29, 1982, Becker, J.); *Smith v. Carey Canadian Mines, Ltd., et al.*, No. 80–4988 (E.D.Pa. May 27, 1981), and *Pierce v. Carey Canadian Mines, Ltd., et al.*, No. 81–120 (E.D.Pa. May 27, 1981, Bechtle, J.), except when plaintiff has waived the defect in the manner of removal by affirmatively invoking federal jurisdiction. *Monaco v. Carey Canadian Mines, Ltd.*, 514 F.Supp. 357 (E.D.Pa.1981). *See also, Intercoastal Refining Co., Inc. v. Jalil*, 487 F.Supp. 606 (S.D.Tex.1980); *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012 (S.D. Tex.1979); *Sun Oil Co., supra* at 1407. There has been no waiver in this case.

Defendants' argument would permit a defendant, having lost the opportunity to remove by not acting within 30 days to join in another defendant's removal petition and thus effect a removal any time within 30 days of the date of service on the defendant last served. There is nothing in the statute to support this interpretation of § 1446(b).

> Failure of a defendant to seek removal within the thirty day [sic] time limitation may not be cured retroactively by consenting to and joining a subsequently served defendant's petition for removal.

*Friedrich, supra* at 1013.

■ If the first five defendants served in this case wished to remove, it was incumbent upon them to file a removal petition within 30 days of the time they were served. By failing to do so, they waived their ability to consent to the removal petition subsequently filed by Bell. This decision is in keeping with the strict construction to be accorded the federal removal statute. *La Chemise Lacoste v. Alligator Co., Inc.,* 506 F.2d 339, 344 (3d Cir. 1974), *citing American Fire and Casualty Co. v. Finn,* 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951) (emphasizing the "restrictive policy of Congress against removal").

Defendants rely on the possible unfairness of the result suggested in 14 Wright & Miller § 3732, 1980 pocket part:

> ... *when some of the defendants are served after the first defendant served has waived the removal right by not exercising it within the statutory period,* the subsequently served defendants are deprived of the opportunity to persuade the first defendant to join in the removal petition. (Emphasis added).

However, here the removing defendants Bell, Asbestos Corporation, Ltd., Johns-Manville Amiante Canada, Inc., and Carey Canada, Inc., were served within 30 days of service on all other defendants. Therefore, the defendants who removed did have an opportunity to persuade all defendants to join in a timely removal petition. This removal was untimely and accordingly the motion for remand is granted.