Lawrence SCHMIDT, et al., Plaintiffs,

v.

NATIONAL ORGANIZATION FOR WOMEN, et al., Defendants.

No. TCA 82–1050.

United States District Court, N.D. Florida, Tallahassee Division.

April 1, 1983.

ry Judgment at ¶ 7, filed October 12, 1982.

Gary J. Anton, Tallahassee, Fla., for plaintiffs.

Solaman G. Lippman, Ronald L. Castle, Washington, D.C., Harry O. Thomas, and Martha Barnett, Tallahassee, Fla., for defendant National Organization for Women.

Lindsey Gorman, Tallahassee, Fla., for defendant Intern. Alliance of Theatrical Stage Employees and Motion Picture Operators, Local 909.

Jerome Novey, Tallahassee, Fla., for defendant Kenneth Beattie, d/b/a Southern Sound and Lights of Tallahassee.

## ORDER

PAUL, District Judge.

Before the court is the plaintiffs' motion for remand and for costs and attorneys' fees (Doc 8). The court heard argument on the motion on March 24, 1983 in Tallahassee, Florida. This action was originally filed in the Circuit Court of the Second Judicial Circuit of the State of Florida in and for Leon County, Florida, on June 28, 1982. The defendants in the action are the National Organization for Women, a foreign corporation; the International Alliance of Theatrical Stage Employees and Motion Picture Operators, Local 909, a domestic labor organization; John J. Holt, individually and in his official capacity as President of Local 909; and Kenneth Beattie, d/b/a Southern Sound and Lights of Tallahassee. The petition for removal in this action was filed on September 20, 1983 (Doc 4) with the consent and joinder of the other defendants.

Plaintiffs seek remand of this action to state court on the grounds that defendants' petition for removal was untimely filed. 28 U.S.C. § 1446(b) provides that the petition for removal of a civil action "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." Where, as here, there are multiple defendants, the law is clear that all defendants who have been served, except purely nominal parties, must join the removal petition. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349,* 427 F.2d 325 (5th Cir. 1970); *Friedrich v. Whittaker Corp.,* 467 F.Supp. 1012 (S.D.Tex.1979); *Crawford v. Fargo Manufacturing Co.,* 341 F.Supp. 762 (M.D.Fla.1972); *Transport Indemnity Co. v. Financial Trust Co.,* 339 F.Supp. 405 (C.D. Cal.1972). It is also generally agreed that where there are multiple defendants, the thirty day period commences to run upon the date of service on the first defendant served who is substantially entitled to petition for removal. Thus, if the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent. *See Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351 (E.D.Mo.1981); *Friedrich v. Whittaker Corp., supra; Perrin v. Walker,* 385 F.Supp. 945 (E.D.Ill.1974); *Transport Indemnity Co. v. Financial Trust Co., supra; Crocker v. A.B. Chance Co.,* 270 F.Supp. 618 (S.D.Fla. 1967); *Fugard v. Thierry,* 265 F.Supp. 743 (N.D.Ill.1967).

In this action, the record reveals that defendant John J. Holt was served on July 12, 1982. Defendants Local 909, Kenneth Beattie and National Organization for Women [hereinafter "N.O.W."] were served on July 14, 1982, July 22, 1982, and August 23, 1982 respectively. It is clear that the thirty day time period for filing a petition for removal commenced as to all defendants on July 12, 1982, when defendant Holt was served. As a result, defendant NOW's peti-

tion for removal filed on September 20, 1982, appears untimely filed.

Defendant NOW contends, however, that plaintiffs waived any right to object to removal because plaintiffs staggered the service on the defendants in such a manner as to foreclose NOW's right to remove before it had even been served with a copy of the complaint. At first blush, NOW's argument appears to have merit. However, it affirmatively appears from the record that the delay in service on defendant NOW was not due to any dilatory conduct or bad faith on the part of the plaintiffs. The court file reveals that summons for all defendants were received for execution by the Leon County Sheriff's Department on June 30, 1982. The summons for NOW was addressed to Edith George, who was listed by the defendant with the Florida Secretary of State, Division of Corporations, as the Treasurer and Director of NOW. The summons for NOW, however, was returned unexecuted as Ms. George was not at the address provided by NOW to the Secretary of State. Plaintiffs subsequently had an alias summons issued for NOW. This alias summons was to be served on Eileen K.W. Cudney, who was identified by NOW with the Secretary of State as NOW's registered agent for service of process in the State of Florida. The alias summons was also returned unexecuted on July 27, 1982 because Ms. Cudney was no longer residing at the given address. Section 48.091(1), Florida Statutes, requires every Florida corporation and every foreign corporation qualified to transact business in the State of Florida to designate with the Secretary of State a registered agent and registered office in the State. Thus, it is clear that the staggered service cannot be attributed to the plaintiffs. Had NOW complied with Florida law, service of process would most certainly have been effected concurrently with the other defendants and NOW could have filed a timely petition for removal.

■ 28 U.S.C. § 1447(c) provides in part that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." A removal is improvident if there is not compliance with the thirty day filing requirement. *London v. United States Fire Insurance Company,* 531 F.2d 257 (5th Cir. 1976); *Friedrich v. Whittaker Corp., supra.* Because none of the defendants filed a petition for removal within thirty days of the first date of service on a defendant, this case should be remanded to state court unless some other rule of law requiring other treatment of the case exists. *Friedrich, supra* at 1014. For the reasons enumerated below, this court is of the opinion that no rule exists in this case which would prevent the remand of this action to the state court from which it originated.

■ Defendant NOW seeks to remove this action on the basis that Count V of the complaint can be characterized as stating a federal cause of action pursuant to Section 8(b)(4) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 158(b)(4). Count V of the complaint is couched entirely in terms of a denial by all defendants of plaintiff's right to work as guaranteed by state law. It is well settled that the federal question which is the predicate for removal must be disclosed on the face of the complaint, unaided by the answer or the petition for removal. *Gully v. First National Bank in Meridian,* 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). *Schultz v. Coral Gables Federal Savings & Loan Ass'n.,* 505 F.Supp. 1003, 1008 (S.D.Fla. 1981); 1A *Moore's Federal Practice* ¶ 0.160 n. 12 (1981). "Nevertheless, the Court must carefully examine the complaint to determine if a federal claim is necessarily presented, even if the plaintiff has couched his pleadings exclusively in terms of state law". *Drivers, Chauffeurs & Helpers Local Union No. 639 v. Seagram Sales Corp.,* 531 F.Supp. 364, 367 (D.C.C.1981); *see In re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981); *Schultz v. Coral Gables Savings & Loan Ass'n, supra;* Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3722 nn. 37–39 (1976); 1A *Moore's Federal Practice* ¶ 10.160 n. 16 (1981).

■ Federal question jurisdiction is properly invoked when a plaintiff pleads a claim that "arises under" federal law. 28 U.S.C. § 1331. A claim "arises under" federal law when federal law supplies an essential element of the claim. *See Gully v. First National Bank in Meridian, supra.* The face of plaintiff's complaint reveals an action for damages grounded upon the state right-to-work law. "Generally, a plaintiff is free to ignore a federal question and pitch his claim on a state ground, so long as no fraud is involved, thus defeating removal to the federal courts". *Chappell v. SCA Services, Inc.,* 540 F.Supp. 1087, 1095 (C.D. Ill.1982); *see Jones v. General Tire and Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976); 1A *Moore's Federal Practice* § 0.160 at 185 (2d ed. 1981). Here, defendants make no assertion that plaintiffs intentionally framed count V in state law terms in order to defeat removal to the federal courts; rather, in its answer, NOW asserts that any state law claim alleged in Count V is preempted by federal law. While there appears to be some conflict among the circuits as to whether a defendant's claim that federal law preempts the field supports removal jurisdiction, the more recent and better-reasoned cases hold that preemption is a defense which does not confer removal jurisdiction. *See Chappell v. SCA Services, Inc., supra* at 1095 and n. 3; *see also Nalore v. San Diego Federal Savings & Loan Ass'n.,* 663 F.2d 841 (9th Cir.1981); *Drivers, Chauffers & Helpers Local Union No. 639 v. Seagram Sales Corp., supra; Schultz v. Coral Gables Federal Savings and Loan Ass'n., supra; Freeman v. Colonial Liquors, Inc.,* 502 F.Supp. 367 (D.Md.1980); *Smart v. First Federal Savings and Loan Ass'n of Detroit,* 500 F.Supp. 1147, 1156 (E.D.Mich. 1980). Thus, defendants' assertion that the Labor-Management Relations Act preempts any state right to work laws is insufficient to support removal jurisdiction. This court therefore resolves the question of this court's jurisdiction against the defendants. Defendant's federal preemption claim may be raised in the state court. *See Turner v. Bell Federal Savings and Loan Ass'n.,* 490 F.Supp. 104 (N.D.Ill.1980). This court's de-

cision is supported by well established case law which holds that the removal statute is to be strictly construed against removal and in favor of remand. *See Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979); *Green v. Mutual of Omaha,* 550 F.Supp. 815, 819 (N.D.Cal.1982); *Continental Resources and Mineral Corp., v. Continental Ins. Co.,* 546 F.Supp. 850 (S.D.W.Va. 1982). Any "doubts arising from defective, ambiguous and unartful pleadings should be resolved in favor of the retention of state court jurisdiction". *Greenshields v. Warren Petroleum Corp.,* 248 F.2d 61, 65 (10th Cir.), *cert. denied,* 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957); *see Butler v. Polk,* 592 F.2d 1293 (5th Cir.1979). In this case, even if this court were to assume, *arguendo,* that federal question jurisdiction had been properly established as a basis for removal, this action must be remanded to the state court because it is untimely within the provisions of 28 U.S.C. § 1446(b). Accordingly, this court finds that this action was removed improvidently and without jurisdiction, and hereby orders that it be remanded to the Circuit Court in and for Leon County, Florida for further proceedings.

■ In seeking a remand of this action to the state court, plaintiffs have also requested this court to award attorney's fees incurred by the plaintiffs by reason of the improper removal of this case to federal court. Generally, absent an authorizing statute or enforceable contract, litigants are required to pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 257–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). The plaintiffs cite no statute or contract and presumably rely upon the limited exception to the general rule governing the award of attorney's fees where a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Id.; see Macdiarmid v. Lawbar Petroleum,* 456 F.Supp. 503, 505 (W.D.Tex. 1978); *see also Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973) (quoting 6 *Moore's Federal Practice* ¶ 54.-77[2] at 1709 (2d ed. 1972)). An award of attorneys' fees under the bad faith excep-

tion to the general rule "is punitive, and the penalty can be imposed 'only in exceptional cases and for dominating reasons of justice' ". *United States v. Standard Oil Co.,* 603 F.2d 100, 103 (9th Cir.1979) (quoting 6 *Moore's Federal Practice* ¶ 54.77[2] at 1709–10 (2d ed. 1972)); *see Cornwall v. Robinson,* 654 F.2d 685, 687 (10th Cir.1981). As a result, "[i]nvocation of the bad faith exception to the normal federal rule that attorney's fees may not be recovered requires more than a showing of a weak or legally inadequate case". *Americana Industries, Inc. v. Wometco de Puerto Rico, Inc.,* 556 F.2d 625, 628 (1st Cir.1979). This court agrees with the Tenth Circuit Court of Appeals which recently noted that "[t]hese considerations highlight the narrowness of the exception. . . . The exception is not invoked by findings of negligence, frivolity, or improvidence". *Cornwall v. Robinson, supra,* at 687.

 Plaintiffs urge this court to find that the untimeliness of defendants' petition for removal is indicative of "bad faith". This court has already found that the delay in service on defendant NOW was due to that defendant's failure to comply with the Florida statute requiring foreign corporations to designate with the Secretary of State a registered agent for service of process in the State of Florida. As a result of NOW's non-compliance with state law, NOW was not served until after the time for filing a petition for removal had run as to the other defendants. In reaching its decision to remand this case for untimeliness, this court adopted the rule espoused by a number of other district courts to the effect that where there are multiple defendants, the thirty day period commences to run upon the date of service on the first defendant served who is substantially entitled to petition for removal. Those courts have further found that if the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent. As the defendant NOW correctly points out, however, this court has not previously been faced with this issue. Therefore, this court cannot

now unequivocally find that NOW's decision to challenge this rule on equitable grounds constituted "bad faith". Accordingly, plaintiffs' request for attorney's fees is hereby DENIED.

 Plaintiffs also seek an award of costs. 28 U.S.C. § 1447(c) allows an award of "just costs" if "it appears that the case was removed improvidently and without jurisdiction". As the Tenth Circuit noted in *Cornwall v. Robinson, supra,* at 687, "This statutory standard of 'improvidence' is clearly less stringent that the 'bad faith' standard that must be met in order for a court to award attorney's fees in cases of this nature". Because this court has already held that defendant's petition for removal was improvident and without jurisdiction, pursuant to 28 U.S.C. § 1447(c), plaintiffs are hereby awarded the costs of this action. The parties are reminded that under 28 U.S.C. § 1447(d), an order to remand a case to the state court from which it was removed is not reviewable by appeal or otherwise. *See Gravitt v. Southwestern Bell Telephone Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

Accordingly, it is ORDERED:

1. The motion for remand is hereby GRANTED.

2. A certified copy of this Order to remand shall be mailed by the Clerk of this court to the Clerk of the Circuit Court in and for Leon County, Florida.

3. The defendants shall pay to the plaintiffs all costs of the proceedings before this Court.

4. The plaintiffs' request for attorney fees is hereby DENIED.