**Jonathan R. HILL, Plaintiff,**

v.

**PHILLIPS, BARRATT, KAISER ENGINEERING LTD., et al., Defendants.**

**Civ. No. 84–0077–B.**

United States District Court,
D. Maine.

June 26, 1984.

---

John E. Sedgewick, Berman, Simmons & Goldberg, Lewiston, Me., for plaintiff.

John R. Linnell, Linnell, Choate & Webber, Auburn, Me., for Phillips.

George Z. Singal, Gross, Minsky, Mogul & Singal, Bangor, Me., for Zurn Ind.

Jeffrey A. Thaler, Richardson, Tyler & Troubh, Portland, Me., for Babcock & Wilcox.

## MEMORANDUM AND ORDER

CYR, Chief Judge.

Plaintiff requests remand of this diversity action on the ground that the Verified Petition for Removal [petition] submitted by Defendant Babcock & Wilcox Canada Ltd. [Babcock] on February 17, 1984, was not timely filed. According to the petition Babcock received the state court complaint on January 31, 1984. However, codefendant Zurn Industries, Inc. [Zurn] was served on January 12, 1984 through its agent. Although the petition stated that codefendant Phillips, Barratt, Kaiser Engineering Ltd. [Phillips] had "only recently received its Summons and Complaint and [had] not yet retained counsel in Maine nor decided whether to at all submit to the jurisdiction of this Court" [Petition, at ¶ 5], counsel for Phillips, by letter dated May 30, 1984, confirmed that service was made on Phillips on January 25, 1984.

■ Title 28 U.S.C. § 1446(b) provides that

> [t]he petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

The 30-day period is strictly applied and "cannot be extended by consent of the parties or order of the court." *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699, 701 (E.D.Pa.1979). *Accord Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. 528, 529 (E.D.Pa.1982); *Kaneshiro v. North American Company for Life and Health Insurance*, 496 F.Supp. 452, 456 (D.Hawaii 1980); *Perrin v. Walker*, 385 F.Supp. 945, 948 (E.D.Ill.1974).

■ Where there are multiple defendants, all must consent to or join in the petition for removal. *Adams v. Lederle Laboratories*, 569 F.Supp. 234, 243 (W.D. Mo.1983); *Schmidt v. National Organization for Women*, 562 F.Supp. 210, 212 (N.D.Fla.1983); *Balestrieri v. Bell Asbestos Mines, Ltd., supra; Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012, 1013 (S.D. Tex.1979); 14 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3731 (1976). Each defendant who is served has

30 days to petition for or consent to removal, failing which that defendant is deemed to have waived its right to do so and "a subsequently served defendant may not remove even with the first defendant's consent." *Schmidt v. National Organization for Women*, 562 F.Supp. at 212; *accord Adams v. Lederle Laboratories, supra; Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. at 530; *Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351, 354 (E.D.Mo.1981); *Friedrich v. Whittaker Corp., supra; Perrin v. Walker*, 385 F.Supp. 945 (E.D.Ill.1974).

■ Babcock's removal petition, filed on February 17, 1984, stated that codefendant Zurn had "no objection to this removal." By letter dated February 27, 1984, counsel for Zurn confirmed that it had no objection to removal. By letter dated March 13, 1984, counsel for Phillips also stated that it had no objection. Since Zurn was served with the complaint on January 12, 1984, it matters not whether February 17 or February 27 be taken as the date when Zurn consented to the removal. Zurn clearly did not consent within 30 days of the service of the complaint. Neither the petitioner nor Zurn has argued or presented any authority for extending Zurn's time limit beyond February 13, 1984. There is no claim or evidence that service was made on Zurn through a *statutory* agent, so that the 30-day period might be deemed to have started at a later time upon receipt of the complaint by Zurn. *See* 14 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3732 at 723 (1976). *Compare Percell's Inc. v. Central Telephone Company*, 493 F.Supp. 156, 157 (D.Minn.1980) [service on resident agent of nonresident defendant sufficient to begin running of 30-day removal period].

The rule precluding a subsequently-served defendant from obtaining a removal consent from a previously-served defendant as to whom the 30-day consent period has expired has been criticized because

> when some of the defendants are served after the first defendant served has waived the removal right by not exercis-

ing it within the statutory period, the subsequently served defendants are deprived of the opportunity to persuade the first defendant to join in the removal petition.

14 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3732, 1982 pocket part at 265. However, here Babcock received the complaint on January 31, 1984 and had more than ten days to persuade Zurn to join in or consent to the removal before the expiration of Zurn's 30-day consent period. *See Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. 528, 530 (E.D. Pa.1982). Indeed, the rule has been applied even where the petitioning defendant was not served until after the first-served defendant's 30-day limit for removal had already expired. *Schmidt v. National Organization for Women*, 562 F.Supp. 210, 212–13 (N.D.Fla.1983).

Zurn does not suggest that the original complaint served on January 12, 1984 was not on its face removable. Although the complaint, a copy of which was attached to Babcock's petition, does not specifically allege diversity of citizenship, the caption and body of the complaint make it evident that the plaintiff is a Maine resident, defendants Phillips and Babcock are both Canadian corporations and defendant Zurn is an Alabama corporation. Moreover, as one district court has recently explained:

> The great majority of the courts that have considered the matter have concluded that a failure of the plaintiff to allege a party's citizenship in the initial pleading does not prevent the thirty day removal period from commencing. *Blow, et al. v. Liberty Travel*, 550 F.Supp. 375, 377 (E.D.Pa.1982); *DiMeglio v. Italia Crociere Internazionale*, 502 F.Supp. 316, 319 (S.D.N.Y.1980); *Kaneshiro v. North American Company for Life and Health Insurance*, 496 F.Supp. 452, 462 (D.Hawaii 1980); *Nicholas v. Macneille*, 492 F.Supp. 1046, 1047 (D.S.C.C.D.1980); *Lee v. Volkswagon of America, Inc.*, 429 F.Supp. 5, 7 (W.D.Okl.1976). This line of authority can be traced to the decision in *Jong v. General Motors Corp., et al.*,

359 F.Supp. 223, 224–25 (N.D.Cal.1973), where the court held that the plaintiff's failure to allege the citizenship of one of the defendants in the state court complaint did not establish the appearance of 'non-removability' on the face of the complaint for the purpose of 28 U.S.C. § 1446(b). Several courts have noted that as a matter of general practice, state court plaintiffs do not routinely allege the citizenship of the parties in their complaints, and that where the initial pleading is 'indeterminate' as to the parties' citizenship, 'the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion.' *Kaneshiro v. North American Company for Life and Health Insurance*, 496 F.Supp. at 455–56, 462. *Stokes v. Victory Carriers, Inc.*, 577 F.Supp. 9, 11 (E.D.Pa.1983).

Babcock and Zurn argue that Phillips' joinder in the February 17, 1984 removal petition was not required. Phillips was apparently served on January 25, 1984 and thus does not fall squarely within the exception which has been recognized with respect to defendants who have not been served at the time another defendant petitions for removal, *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *Albonetti v. GAF Corporation Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981). The Court need not decide whether petitioner Babcock's failure to secure Phillips' consent prior to the expiration of Phillips' 30-day period defeats its petition for removal or may be excused due to Babcock's asserted difficulty in determining whether and when Phillips had been served. *See Albonetti v. GAF Corporation Group*, 520 F.Supp. at 827–28. It is clear that Zurn did not comply with the requirement of section 1446(b) that served-defendants must petition for or consent to removal within 30 days.

Accordingly, it is ORDERED that plaintiff's request for remand is GRANTED, that the case is hereby remanded to the Penobscot County Superior Court of the State of Maine, and that the Clerk of this Court is directed to forward to the Clerk of the Penobscot County Superior Court of the State of Maine an attested copy of this order of remand, together with all papers filed with this Court. 28 U.S.C. § 1447(c).