**Khema NANJI and Dilip Nanji, d/b/a Merrick Motel, Plaintiffs,**

v.

**CORAL GROUP LIMITED, Jaydev Patel Purchasing Group Corporation, Jaydev, Individually, Defendants.**

**No. LR–C–90–839.**

United States District Court, E.D. Arkansas, W.D.

March 28, 1991.

Yogesh K. Nanji, East Mississippi Legal Services, Inc., Meridian, Miss., for plaintiffs.

Robert C. Compton, El Dorado, Ark., for defendants.

## ORDER ON MOTION TO RECONSIDER REMAND

HENRY WOODS, District Judge.

Before the court is defendant Jaydev Patel's motion to reconsider the remand order of February 15, 1991. Movant relies on 14 Wright, Miller & Cooper Section 3732 criticism of the general rule. The general rule set out in J. Moore, *Moore's Federal Practice* § 0.168 [3.5–5], 586–87 (2d ed. 1985) is that "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... due to the rule of unanimity among defendants which is required for removal."

Judge Alvin Rubin of the Fifth Circuit in *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986) answered the criticism of Wright, Miller & Cooper, *supra,* as follows:

> The general rule has been criticized as unfair. Wright, Miller & Cooper, for example, point out that it deprives defendants served after the thirty-day period "of the opportunity to persuade the first defendant to join in the removal petition." This criticism is apparently the sole authority supporting the "equitable" approach the trial court followed in denying removal. We do not find it persuasive. None of the decisions cited by Wright, Miller & Cooper actually followed what they call an equitable approach: on the contrary, each cited case followed the general rule.

792 F.2d at 482.

Judge Rubin is correct. All three cases cited by Wright, Miller & Cooper in support of the criticism follow the general rule.

In *Hill v. Phillips,* 586 F.Supp. 944 (D.Me.1984) D1 was served on January 12, 1984, D2 was served on January 25, 1984, and D3 on January 31, 1984. D3 filed a petition for removal on February 17, 1984, stating that D1 had no objection to removal, which was confirmed by D1's counsel in a letter dated February 27, 1984 and by

D2's counsel in a letter dated March 13, 1984. The court said:

> Since Zurn was served with the complaint on January 12, 1984, it matters not whether February 17 or February 27 be taken as the date when Zurn consented to the removal. Zurn clearly did not consent within 30 days of the service of the complaint.
>
> . . . .
>
> The rule precluding a subsequently-served defendant from obtaining a removal consent from a previously-served defendant as to whom the 30–day consent period has expired has been criticized because
>
> > when some of the defendants are served after the first defendant served has waived the removal right by not exercising it within the statutory period, the subsequently served defendants are deprived of the opportunity to persuade the first defendant to join in the removal petition.
>
> 14 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3732, 1982 pocket part at 265. However, here Babcock received the complaint on January 31, 1984 and had more than ten days to persuade Zurn to join in or consent to the removal before the expiration of Zurn's 30–day consent period.

*Id.* at 946.

*Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp 528 (E.D.Pa.1982) was an asbestos case. Three defendants were served on February 19, 1982, four on March 3, 1982, one on February 18, 1982, and one on February 26, 1982. One of the defendants, Bell Asbestos Mines, who was served on March 3, 1982, filed a petition for removal on April 1, 1982, 29 days after service but 42 days after the first defendant was served on February 18, 1982. The court said:

> This 30–day limitation is mandatory and cannot be extended by the court. Furthermore, this provision has consistently been interpreted to require all served defendants, unless nominal parties only, to join in the removal petition within the 30–day period. (Citing cases).

> Where all defendants have not timely joined in a petition to remove in other asbestosis suits before this court, the cases have been remanded to state court. (Citing cases)
>
> . . . .
>
> If the first five defendants served in this case wished to remove, it was incumbent upon them to file a removal petition within 30 days of the time they were served. By failing to do so, they waived their ability to consent to the removal petition subsequently filed by Bell. This decision is in keeping with the strict construction to be accorded the federal removal statute. (Citing cases).
>
> Defendants rely on the possible unfairness of the result suggested in 14 Wright & Miller § 3732, 1980 . . . . However, here the removing defendants Bell, Asbestos Corporation, Ltd., Johns–Manville Amiante Canada, Inc., and Carey Canada, Inc., were served within 30 days of service on all other defendants. Therefore, the defendants who removed did have an opportunity to persuade all defendants to join in a timely removal petition. This removal was untimely and accordingly the motion for remand is granted.

*Id.* at 529–30.

The general rule has been applied even where the petitioning defendant was not served until after the first served defendant's 30–day limit for remand had already expired. *Schmidt v. National Organization for Women,* 562 F.Supp. 210, 212–13 (N.D.Fla.1983). D1 was served on July 12, 1982, D2 on July 14, 1982, D3 on July 22, 1982, and D4 on August 23, 1982. D4 filed a petition for removal on September 20, 1983. The court said: "It is clear that the thirty day time period for filing a petition for removal commenced as to all defendants on July 12, 1982, when defendant Holt was served. As a result, defendants NOW's petition for removal filed on September 20, 1982, appears untimely filed." *Id.* at 212.

The rules set out in the above cases, supported by overwhelming authority, are dispositive of the case at bar, whose facts

are markedly similar. In the case at bar service on D1 was made on November 5, 1990, D2 on either November 9, 1990 or November 19, 1990, and on D3 on November 14, 1990. D3 removed the case on December 12, 1990. D3 had adequate time to persuade the other two defendants to join with him in the removal petition. If he was served on November 14, 1990, the chances were that the other defendants were served in a comparable time period.

*Adams v. Lederle Laboratories*, 569 F.Supp. 234 (W.D.Mo.1983) does not help movant. True this case held that the 30-day time frame runs from the time each defendant is served and not when the first defendant is served. All defendants do not need to join in a single petition as long as they file a removal petition within 30 days. In the *Adams* case, all served defendants did file removal petitions within 30 days of service. This is not the situation in the case at bar where two of the three defendants have never filed removal petitions nor joined in the one filed by movant. In *Adams* the court said:

> Thus, for example, in cases falling under the first paragraph of section 1446(b), each defendant served prior to the time a removal petition is filed has 30 days after service was made upon *him* within which to join in or consent to that removal. See *Quick Erectors, Inc. v. Seattle Bronze Corp., supra* at 354; *Albonetti v. GAF Corporation—Chemical Group, supra* at n. 1.

569 F.Supp. at 243.

In *Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351 (E.D.Mo. 1981) D1 was served on October 1, 1979 and D2 on October 16, 1979. Both defendants joined in a petition to remove on November 15, 1979. Although the court held that D1 was not a proper party and could be disregarded, the rule was stated as follows:

> The general rule is that all properly joined defendants, other than purely nominal or formal parties, over whom the court has acquired jurisdiction must join in the petition for removal. 14 Wright, Miller and Cooper § 3731 at 718–19.

And each must file for removal within thirty days from the date on which that particular defendant was served. If the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent. (Citing cases). Therefore, unless Seagrave is an improperly joined party, its failure to petition for removal in a timely fashion necessitates a remand.

*Id.* at 354.

The other case cited in *Adams v. Lederle Laboratories, supra,* was *Albonetti v. GAF Corporation—Chemical Group,* 520 F.Supp. 825 (S.D.Texas 1981). In that case D1 was served on March 13, 1981 and D2 was served on April 1, 1981. D1 removed the case to federal court. On May 5, 1981 D2 joined in the petition. The motion to remand was granted: "Under the removal procedures set forth in 28 U.S.C. § 1446, a petition for removal must be filed within 30 days after receipt of service, and all defendants required to join in the petition must do so within 30 days after receipt of service."

The court is convinced that its order of remand filed on February 15, 1991 was correct, and the motion to reconsider is denied.

IT IS SO ORDERED.