Sager v. Wante                          CV-95-524-M    11/30/95
                 UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


James G. Sager,
       Plaintiff,

       v.                                         Civil No. 95-524-M

Barry E. Wante, Darryl W. Madden,
Richard Chevalier, and the City of Keene,
       Defendants.



                            REMAND ORDER


       Plaintiff originally brought this action in the New

Hampshire Superior Court.  On September 25, 1995, the state writ

of summons was served upon defendants Wante, Madden, and the City

of Keene (the "First-served Defendants").  On September 28, 1995,

service was effected upon defendant Chevalier (the "Last-served

Defendant").  On October 26, 1995 (31 days after service upon the

First-served Defendants), all defendants joined in and filed a

petition for removal in this court, erroneously asserting that,

"this Petition for Removal has been brought within thirty (30)

days of the receipt by the defendants of a copy of the

plaintiff's Writ of Summons."  Petition for Removal, at ¶7.

Title 28 U.S.C. §1446, the federal statute governing removal of actions from state court, provides in pertinent part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b). "Where there are multiple defendants, all must consent to or join in the petition for removal." Hill v. Phillips, Barratt, Kaiser Engineering Ltd., 586 F.Supp. 944, 945 (D.Me. 1984) (Cyr, J) (citations omitted).

Here, although the petition for removal was filed within 30 days of service upon the Last-served Defendant, it was not filed within 30 days of service upon the First-served Defendants. Because the First-served Defendants failed to seek removal within the requisite 30-day period, they lack the ability to join in the (otherwise timely) petition for removal filed by the Last-served Defendant. Prior to his elevation to the Court of Appeals for the First Circuit, Judge Selya addressed the point in detail in an analogous diversity case, concluding:

2

In a typical scenario, a plaintiff sues multiple defendants, who are served in random sequence. A defendant which is served toward the end of this temporal daisy chain seeks to remove the action: that defendant acts within thirty days of its receipt of the initial pleading, but after earlier-served defendants have let their respective thirty day periods run without incident. . . . In such a situation, courts have been consentient in holding that, even if the movant secures the acquiescence of the earlier-served defendants in the removal initiative, the petition must, upon timely motion by the plaintiff, be denied.

The reasoning of these courts is impeccable. The right to remove is of finite duration; if not activated promptly, it self-destructs. Once Humpty-Dumpty has toppled from the wall, he cannot be put back together again. Failure of a defendant to embark upon removal within the statutorily allotted time causes the right to perish. Such neglect cannot be cured retroactively by joining a subsequently-served defendant's removal pavane. The first defendant having irretrievably lost the facility to effectively remove, it has likewise lost the facility effectively to consent to any other defendant's attempt to remove the action. That being so, and all defendants being required to join in a proper removal petition in a diversity case, the first-served defendant's debarment vitiates the (timely) application of the later-served defendant.

Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1201 (D.R.I. 1986) (citations omitted). See generally 1A J. Moore, Moore's Federal Practice, ¶ 0.168[3.-5-5], at 585-87 (discussing the timing requirements for removal petitions in the context of suits involving multiple defendants); 14A Wright & Miller, Federal Practice and Procedure, § 3732 at 531-32 n.50 (same).

3

Having failed to exercise their right to seek removal of this action in a timely fashion, the First-served Defendants "irretrievably lost the facility effectively to remove." Without that right, they are powerless to join in or consent, as required, to the petition for removal filed by the Last-served Defendant. And, absent consent of all defendants, the action may not be removed to this court. Accordingly, this action is remanded to the New Hampshire Superior Court (Cheshire County).

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

November 30, 1995

cc:  James R. Davis, Esq.
     Douglas N. Steer, Esq.
     Dyana J. Crahan, Esq.