**David ROSENBERG & Karn Rosenberg on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**GWV TRAVEL, INC. and Trans International Airlines, Inc., Defendants.**

No. 79 Civ. 1298 (KTD).

United States District Court, S. D. New York.

Oct. 19, 1979.

Thomas A. Dickerson, New York City, of counsel, for plaintiffs.

Metrick & Ostrow, New York City, for defendant GWV Travel, Inc.; Seymour Ostrow, New York City, of counsel.

George Berkowitz, P. C., New York City, of counsel, for defendant Trans Intern. Airlines, Inc.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs, David and Karn Rosenberg, originally commenced this suit as a class action in the New York State Supreme Court, New York County, against defendants GWV Travel, Inc. [hereinafter referred to as "GWV"] and Trans International Airlines, Inc. [hereinafter referred to as "TIA"], alleging claims for breach of contract, fraud and deceit. Before the State Court made any determination as to whether the suit may be maintained as a class action,[1] GWV removed the action to this Court, pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction.[2] Plaintiffs now move, pursuant to 28 U.S.C. § 1441(c) and § 1447(c), to remand this action to the State Court charging that it was improperly removed since the amount in controversy is less than the $10,000 jurisdictional amount required by 28 U.S.C. § 1332(a).

Plaintiffs claim to represent a class of 300 similarly situated consumers who purchased charter tour vacation packages from defendant GWV for $525 per person. They complain that the vacation package of seven nights and eight days in St. Maarten, promised by GWV, was not provided. In particular, they urge that as a result of a thirty-one hour flight delay, they were able to spend only five days in St. Maarten. Their claim for fraud and deceit alleges $500,000 compensatory and $1,000,000 punitive damages; their breach of contract claim demands $500,000 compensatory damages and, in the alternative, they assert a claim for rescission of the contract.

■ The issue of whether an action should be remanded to the State Court must be resolved by reference to the complaint at the time the petition for removal was filed. *Hedges v. Rudeloff*, 196 F.Supp. 475 (D.S.C.D.Tex.1961). The removing party has the burden of establishing diversity of citizenship together with the requisite jurisdictional amount. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

Assuming, as I must, the truth of the allegations contained in the complaint, it appears that the plaintiffs did not receive full value for the $525 travel package. Thus, they may be entitled to recover some or all of that amount, and perhaps other damages as well. However, the most plaintiffs claim as compensatory damages under any theory (for themselves individually and on behalf of the 300 consumers they claim to represent) is a total of $500,000.

■ Since this action has yet to be certified as a class action, the sum total of the plaintiffs' individual claims is $1,666 which certainly falls far below the jurisdictional threshold. Even assuming, *arguendo*, that this were a class action, it is now settled

---

1. New York C.P.L.R. § 902 provides in pertinent part that "in an action brought as a class action, the plaintiff shall move for an order to determine whether it is to be so maintained." A similar provision is found in Federal Rule 23(c)(1). Thus, at this juncture in the proceeding, the propriety of maintaining the suit as a class action has not been determined.

2. 28 U.S.C. § 1446(a) allows removal only if all of the defendants join in the petition. *Committee of Interns and Residents v. New York State Labor Relations Board*, 420 F.Supp. 826 (S.D.N.Y.1976); *Chicago, Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Since defendant TIA did not join in the removal petition it would appear that the removal was improper *ab initio*. However, since both defendants now seek to sustain the removal, I need not pass on this apparent procedural defect.

that class claims cannot be aggregated for the purpose of meeting the jurisdictional amount. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Rather, each claim must meet the jurisdictional amount. *Id.*

Turning to plaintiff's claims for $1,000,000 in punitive damages, the same result obtains. Generally, punitive damages may be added to compensatory damages in arriving at the jurisdictional minimum only when under the applicable state law punitive damages are recoverable. *See, e. g., Dupont Galleries, Inc. v. International Magne–Tape Ltd.,* 300 F.Supp. 1179, 1180 (S.D.N.Y.1969). In a case charging fraud or deceit New York law permits the recovery of punitive damages, as a matter of law, only where the conduct complained of either affects the public generally or involves a gross departure from moral behavior. *Walker v. Sheldon,* 10 N.Y.2d 401, 406, 223 N.Y.S.2d 488, 492, 179 N.E.2d 497, 500 (1961). The complaint at bar falls short of this type of fraud and deceit.

Even assuming that punitive damages are recoverable, the plaintiffs still fail to meet the jurisdictional threshold. Indeed, the plaintiffs' share in the recovery would amount to approximately $3,000. Even when added to the request for compensatory damages the jurisdictional requirement has not been met.

While this case was still in State Court, defendant TIA moved to dismiss the complaint and plaintiffs cross-moved for partial summary judgment. Having determined from the face of the complaint that this Court lacks subject matter jurisdiction it is unnecessary for me to pass on these issues which are properly within the province of the State Court.[3]

Accordingly, plaintiffs' motion to remand this case to the New York State Supreme Court is granted. Costs and $750 attorneys'

fees necessitated by the removal are assessed against defendant GWV. Defendant TIA's cross-motion to dismiss and plaintiff's cross-motion for partial summary judgment are denied without costs to any party on those motions. The Clerk is directed to mail a certified copy of this order to the New York State Supreme Court from which this case was removed.

SO ORDERED.

---

3. Entry of an order of remand and mailing a certified copy to the State Court under 28 U.S.C. § 1447(c) completely divests the federal court of jurisdiction and reinvests the State

Court with jurisdiction to proceed. *United States· v. Rice,* 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946).