Carmen **ORTIZ**, individually and on behalf of all others similarly situated, Plaintiffs,

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, INC.** and Motors Insurance Corporation, Inc., Defendants.

No. 84 C 0406.

United States District Court, N.D. Illinois, E.D.

April 5, 1984.

---

Joel Stein, James O. Latturner, William Martinez, Legal Assistance Foundation of Chicago, Chicago, Ill., Joseph Bomba, Edward Surges, Cook County Legal Assistance Foundation, River Forest, Ill., for plaintiffs.

Stephen C. Neal, Mark A. Orloff, Kirkland & Ellis, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff Carmen Ortiz filed this lawsuit on behalf of herself and all other persons similarly situated against defendants General Motors Acceptance Corporation, Inc. ("GMAC") and Motors Insurance Corporation, Inc. ("MIC"). The complaint was filed in the Circuit Court of Cook County on December 2, 1983.

Relief is sought for alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat., ch. 121½, §§ 261 *et seq.* (Count I), breach of contract under a policy of insurance (Count II), breach of fiduciary duty (Count III), and violations of the Illinois Sales Finance Agency Act, Ill.Rev.Stat., ch. 17, §§ 5201 *et seq.* (Count IV).

GMAC was served with process on December 12, 1983. MIC received notice of the lawsuit on January 5, 1984. On January 18, 1984, defendants GMAC and MIC filed a joint petition for removal of the complaint to this Court pursuant to 28 U.S.C. § 1441. Defendants alleged that diversity jurisdiction exists under 28 U.S.C. § 1332. Presently before the Court is plaintiff's motion to remand this case to the Circuit Court of Cook County. Plaintiff argues that: (1) defendants' petition for removal was untimely and (2) this Court lacks subject matter jurisdiction over the complaint. For the reasons stated below, plaintiff's motion for remand to the Circuit Court of Cook County is granted.

## I. FACTS

The following facts are alleged in the complaint. For purposes of this motion, the Court assumes they are true. *Rosenberg v. GWV Travel, Inc.*, 480 F.Supp. 95, 96 (S.D.N.Y.1979).

On September 18, 1981, plaintiff purchased an automobile which was financed by GMAC. As one condition of extending credit to the plaintiff, GMAC required satisfactory evidence that the automobile was insured. Soon after the purchase, plaintiff was notified that her own insurance policy would be cancelled. GMAC then purchased insurance for the plaintiff's automobile through its wholly-owned subsidiary, MIC. On January 28, 1982, plaintiff's automobile was involved in an accident which resulted in $1,900 in damage to the car. Shortly after the accident, plaintiff was informed by GMAC that unless she turned her car over to GMAC, she would receive nothing from the insurance policy to either repair the car or to apply against her outstanding loan balance with GMAC.

Plaintiff predicates defendants' liability upon a variety of causes of actions under Illinois law. Count I of the complaint charges that GMAC and MIC violated provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev. Stat., ch. 121½, § 261 *et seq.*, and seeks the following damages against both defendants:

| | |
|---|---|
| Cost of the policy | $ 1,084.00 |
| Cost of automobile repairs | 1,900.00 |
| Proportionate share of punitive damages (based on plaintiff's estimate of 6,600 class members) | 303.00 |
| TOTAL | $ 3,287.00 |

Count II charges that defendants breached the insurance contract and seeks from both defendants $1,900 in damages for the cost of repairing plaintiff's automobile plus a $5,000 statutory penalty solely against MIC under Ill.Rev.Stat., ch. 73, § 767.[1] Count III is brought solely against GMAC, predicates liability based on breach of a fiduciary relationship, and seeks damages in the amounts of $1,084 for the cost of the insurance policy and $1,900 for the cost of repairs. Finally, Count IV, also brought solely against GMAC, charges violations of the Illinois Sales Finance Agency Act, Ill.Rev. Stat., ch. 17, §§ 5201 *et seq.*, and seeks damages in the amounts of $2,085.80 for finance charges and $1,698.75 for statutory

---

**1.** Since plaintiff does not object to defendants' contention that only MIC can be held liable under § 767, the Court, for purposes of this motion, assumes defendants' contention to be true. Even assuming, however, that the $5,000 statutory penalty under § 767 also applies to GMAC, the result of this decision would be the same.

penalties under Ill.Rev.Stat., ch. 17, § 5234. In sum, plaintiff's substantive claims exclusive of costs and attorneys' fees appear to be $8,287.00 against MIC and $7,071.55 against GMAC.[2]

## II. DISCUSSION

Plaintiffs advance two independent grounds for remanding this case to the Circuit Court of Cook County. First, plaintiff argues that the removal petition is untimely since it was filed more than 30 days after the first defendant, GMAC, received notice of the lawsuit. Second, plaintiff argues that no federal jurisdiction exists over the case because many putative class members have claims less than the $10,000 amount in controversy requirement. Both arguments have merit and provide alternative grounds for remanding this case to the state court. In addition, although not argued by the plaintiff, the Court finds that diversity jurisdiction is lacking over the named plaintiff since her claims against GMAC and MIC individually are less than the $10,000 jurisdictional requirement.

### A. *Timeliness of the Removal Petition*

Plaintiff asserts that the removal petition, filed 37 days after GMAC was served with process, is untimely under 28 U.S.C. § 1446. Defendants, however, argue that the date GMAC was served is irrelevant and, instead, urge this Court to calculate the 30-day limitation period from the date MIC was served with notice of the lawsuit. Defendants offer two reasons for utilizing the MIC service date. First, defendants contend that the claims against MIC are "separate and independent" from the claims against GMAC and therefore were properly removed under 28 U.S.C. § 1441(c). Second, and in the alternative, defendants argue that diversity jurisdiction was not apparent until MIC was served

because "[u]ntil MIC actually became a defendant ... the total amount in controversy was less than $10,000." Defendants' Memorandum In Opposition, filed March 6, 1984, at 8. Finally, and also in the alternative, defendants argue that plaintiff has waived any objection to timeliness of the removal petition by stipulating to an extension of time for defendants to answer in this Court.

A defendant seeking removal under 28 U.S.C. § 1441 must file a verified petition for removal "within thirty days after receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief ...." 28 U.S.C. § 1446(b). In cases involving multiple defendants, the petition must show that each of the defendants desires, and is eligible for, removal. *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546 (7th Cir.1968). Furthermore, "the thirty-day period starts to run from the time of service on the first defendant who would have to be joined in the removal petition." 1A J. Moore, Moore's Federal, ¶ 0.168[3.–5–5], at 586 (2d ed. 1983) (footnotes omitted). Thus, if defendants are served at different times, and the first-served defendant fails to file a removal petition within 30 days, later-served defendants cannot remove within 30 days of their service. *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. 528, 530 (E.D.Pa.1982); *Quick Erectors Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351, 354 (E.D.Mo.1981). A defendant seeking removal must strictly comply with all the statutory requirements (*Balestrieri, supra,* 544 F.Supp. at 530), and where there is doubt as to whether the requirements have been satisfied, the case should be remanded. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, (7th

**2.** Plaintiff's claims for purposes of this motion may be summarized as follows:

#### Claims Against MIC

| | |
|---|---|
| Cost of policy | $ 1,084.00 |
| Cost of repairs | 1,900.00 |
| Proportionate share of punitive damages | 303.00 |
| Statutory penalty | 5,000.00 |
| TOTAL | $ 8,287.00 |

#### Claims Against GMAC

| | |
|---|---|
| Cost of policy | $ 1,084.00 |
| Cost of repairs | 1,900.00 |
| Proportionate share of punitive damages | 303.00 |
| Finance charges | 2,085.80 |
| Statutory penalty | 1,698.75 |
| TOTAL | $ 7,071.55 |

Cir.1976); *McCurtain County Production Corp. v. Cowett,* 482 F.Supp. 809, 812 (E.D. Okl.1978). The burden of showing that removal was proper is always upon the party removing. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Strange v. Arkansas-Oklahoma Gas Corp.,* 534 F.Supp. 138, 139 (W.D.Ark.1981); *Rosenberg v. GW Travel, Inc.,* 480 F.Supp. 95, 96 (S.D.N.Y.1979).

■ One situation exists, however, in which a later-served defendant may properly file a removal petition within 30 days of his service, without regard to the fact that an earlier defendant was served more than 30 days prior to removal. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed....

Thus, claims against a later-served defendant which are "separate and independent" from claims against first-served defendants may be removed within 30 days of service upon the later-served defendant. *Port of New York Authority v. Eastern Air Lines, Inc.,* 259 F.Supp. 142 (E.D.N.Y. 1966). Defendants argue that such a situation exists in this case.

In order to prevail under § 1441(c), defendants must establish two elements. First, plaintiff's claims against MIC must be "separate and independent" from plaintiff's claims against GMAC. Second, the claims against MIC must be "removable if sued upon alone." 28 U.S.C. § 1441(c). Defendants, however, have failed to establish either element.

■ The test for whether claims are "separate and independent" under § 1441(c) was first set out by the Supreme Court in *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1950). There, the Court concluded:

> [W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transac-

tions, there is no separate and independent claim or cause of action under § 1441(c).

*Id.* at 14, 71 S.Ct. at 540 (footnote omitted). Clearly, the claims against MIC based upon alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat. ch. 121½, § 261 *et seq.,* are not "separate" or "independent" of the *identical claims* brought against GMAC under Count I. Plaintiff alleges that both MIC and GMAC violated Illinois law by refusing to provide her with a copy of the insurance policy, concealing from her the terms of insurance coverage and misrepresenting the terms of coverage. These claims clearly arise from an "interlocked series of transactions" and, in fact, are identical to each other. *See Finn, supra,* 341 U.S. at 14, 71 S.Ct. at 540.

■ The only claims which arguably can be construed as "separate and independent" are plaintiff's claim of vexatious refusal to pay brought solely against MIC under Count II, and plaintiff's claims against GMAC for violations under the Illinois Sales Finance Agency Act, Ill.Rev. Stat., ch. 17, § 5201 *et seq.,* under Count IV. Even assuming, however, that these claims are "separate and independent," defendants have failed to show that removal is appropriate under § 1441(c). The plaintiff's claim against MIC is not "removable if sued upon alone" as required under § 1441(c). Plaintiff's claims against MIC total $8,287, and therefore fail to satisfy the $10,000 jurisdictional amount under 28 U.S.C. § 1332. The fact that the sum of plaintiff's claims against both GMAC and MIC exceed the jurisdiction amount is of no consequence. Defendants may not aggregate the claims against MIC and GMAC to reach the jurisdictional amount. *McCurtain County Production Corp. v. Cowett,* 482 F.Supp. 809, 814–15 (E.D.Okl.1978). *See also Motorists Mutual Insurance Co. v. Simpson,* 404 F.2d 511, 513 (7th Cir. 1968).

■ Defendants' second argument regarding the timeliness issue is that the 30-day period did not begin to run until

MIC received notice of the plaintiff's lawsuit because diversity jurisdiction was not apparent until MIC was joined as a party. The record, however, does not support defendant's contention. Plaintiff's claims against GMAC and MIC amount to $7,071.55 and $8,287, respectively. Since the claims cannot be aggregated to reach the jurisdictional amount (*McCurtain County Production Corp. v. Cowett*, 482 F.Supp. 809, 814–15 (E.D.Okl.1978)), diversity jurisdiction did not "first become apparent" when MIC was served with the complaint. Therefore, the fact that the removal petition was filed within the 30-day period prior to the date MIC was served is irrelevant.

█ Finally, defendants argue that plaintiff has waived any objections based on tardiness due to her conduct in this Court since removal. Specifically, defendants refer to a stipulation filed in this Court on January 20, 1984, in which plaintiff's attorney agreed to allow defendants additional time to answer or otherwise plead. Defendants' suggestion, however, that such conduct constitutes a waiver of the 30-day limitation is without merit. The case cited by defendants, *Intercoastal Refining Co. Inc. v. Jalil*, 487 F.Supp. 606 (S.D.Tex. 1980), sets out the appropriate standard:

> The type of post-removal conduct that constitutes a waiver of the right to remand has been described as:
>
> "... *affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand...*" *Maybruck v. Haim*, 290 F.Supp. 721 (S.D.N.Y.1968);

*Id.* at 608 (emphasis supplied) (citations omitted). In *Jalil*, however, the plaintiff, in addition to stipulating to an extension of time, filed a jury demand in the federal court. *Id.* at 607. In this case, however, the only pleading filed on behalf of the plaintiff in addition to the stipulation has been the motion to remand and memoranda in support of that motion. Merely filing the stipulation does not amount to affirmative conduct which would render it "offen-

sive to fundamental principles of fairness to remand." *Id.* Plaintiff, therefore, has not waived her right to object to the defendants' failure to file the removal petition within the 30-day limitation period. Accordingly, the removal petition, filed more than 30 days after GMAC was served, is untimely under 28 U.S.C. § 1446(b).

### B. Lack of Jurisdiction Over Putative Class Members

In the alternative, plaintiff argues that subject matter jurisdiction is lacking in this Court because many putative class members will have claims less than the $10,000 jurisdiction amount. *See Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 511, 38 L.Ed.2d 511 (1973). Defendants respond by arguing that until a class is actually certified by this Court, the amount of damages claimed by putative class members is speculative. Defendants urge this Court to defer ruling on the jurisdictional issue until after a class is certified.

█ Defendants, as the removing parties, bear the burden of establishing that federal jurisdiction exists. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F.Supp. 138, 139 (W.D.Ark.1981); *Rosenberg v. GWV Travel, Inc.*, 480 F.Supp. 95, 96 (S.D.N.Y.1979). Plaintiff represents to this Court that about one half of the putative class members have claims less than the $10,000 jurisdictional amount. Plaintiff's Memorandum In Support, filed February 14, 1984, at 4–5. Since class members may not aggregate their claims to satisfy the jurisdictional amount in controversy requirement (*Zahn, supra,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511), defendants have failed to sustain their burden of establishing federal jurisdiction. Remand to the state court therefore is appropriate. *See Goldberg v. CPC Intern, Inc.*, 678 F.2d 1365 (9th Cir.1982); *Rosenberg, supra,* 480 F.Supp. at 97.

■ ■ ■ ■ ■ ■ ■ ■

### C. *Lack of Jurisdiction Over the Named Plaintiff*

■ Plaintiff's claim against GMAC amounts to $7,071.55. Her claim against MIC totals $8,287. As such, neither claim satisfies the jurisdictional amount in controversy requirement. Therefore, this Court lacks subject matter jurisdiction over the case, regardless of the class action allegations.

### CONCLUSION

Plaintiff's motion to remand this case to the Circuit Court of Cook County is granted. Costs under 28 U.S.C. § 1446(d) shall be determined by the state court.

IT IS SO ORDERED.