**Richard SHADLEY and Fran Shadley, husband and wife, Plaintiffs,**

v.

**Alvin MILLER, Irvington–Moore, an Oregon corporation, and Machinery Sales Company, an Oregon corporation, jointly and severally, Defendants.**

**Civ. A. No. 90–70614.**

United States District Court, E.D. Michigan, S.D.

March 15, 1990.

James R. Cmejrek, Detroit, Mich., for plaintiffs.

Dennis M. Day, Plunkett Cooney, Detroit, Mich., for U.S. Dept. of Natural Resources, unincorp. div. of Irvington–Moore.

James M. Martin, Mt. Clemens, Mich., for Machinery Sales.

## ORDER OF REMAND

FRIEDMAN, District Judge.

Upon review of the court file in this matter, the court determines that removal of this action from state court was not proper. Plaintiffs originally filed this action in state court. On February 5, 1990, plaintiffs served defendant U.S. Natural Resources, Inc.[1] ("USNR") with a summons and a copy of the complaint. On March 6, 1990, USNR filed a notice of removal of the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. USNR bases federal jurisdiction on diversity of citizenship between the parties with an amount in controversy in excess of $50,000. *See* 28 U.S.C. § 1332(a).[2] Although it did not indicate when it was served, defendant Machinery Sales Company filed a notice of concurrence in removal also on March 6, 1990. However, defendant Alvin Miller did not join in or consent to removal and the notice of removal does not provide an explanation for the failure of Miller to do so.

As a result, the removal notice and concurrence are defective because they are not brought on behalf of all named defendants and do not provide an explanation for not doing so. The federal removal statute, 28 U.S.C. § 1446, requires that all served defendants, except nominal parties, join in or consent to the removal within 30 days after the first defendant is served with process. *See, e.g., Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1262–63 (5th Cir.1988); *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 272 (7th Cir. 1982); *Ortiz v. General Motors Acceptance Corp.,* 583 F.Supp. 526 (N.D.Ill.1984). The requirement for timely filing is not jurisdictional, but it is mandatory and must be strictly applied. *Douglass v. Weyerhaeuser Co.,* 662 F.Supp. 147, 149 (C.D.Cal. 1987); *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 446 (M.D. N.C.1982); *Perrin v. Walker,* 385 F.Supp. 945, 947–48 (E.D.Ill.1974). Further, the court must strictly construe the notice of removal and resolve all doubts against removal. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989). In addition, "[t]he party seeking removal bears the burden of establishing its right thereto." *Id.,* citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–98, 42 S.Ct. 35, 37–38, 66 L.Ed. 144 (1921).

It is clear that the failure to comply with the statutory provisions concerning removal generally constitutes an adequate ground for remand to state court. *Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 462 (E.D.Mich.1990). Because "a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants," *Northern Illinois Gas,* 676 F.2d at 273, defendants have failed to comply with the statutory provisions concerning removal. Accordingly, the court shall remand this case to state

---

**1.** Although not named as a defendant, U.S. Natural Resources, Inc. indicates that one of the named defendants in this action, Irvington–Moore, is one of its unincorporated divisions. *See* Answer to complaint at paragraph 3. U.S. Natural Resources is a citizen of Oregon. *Id.*

**2.** Although the complaint alleges that the amount in controversy only exceeds $10,000, *see* Complaint at paragraph 19, USNR has served plaintiffs with a request to admit that the amount in controversy actually exceeds $50,000. Accordingly, the court does not address the question of whether this action in fact involves the requisite jurisdictional minimum at this time.

court as improvidently removed.[3]

For the reasons set forth above,

IT IS HEREBY ORDERED that this case is REMANDED to the Circuit Court for the County of Lenawee, State of Michigan, as improvidently removed.

---

**3.** The court also notes that defendant Machinery Sales failed to indicate to the court when it was served in this case. The 30 day period of § 1446(b) starts to run from the time of service on the first defendant who must join in the removal. *Ortiz,* 583 F.Supp. at 529. Thus, if defendants are served at different times, and the first served defendant fails to file a removal notice within 30 days, later served defendants cannot remove within 30 days of service upon them. *Id.* Because Machinery Sales did not state when it was served, the court cannot determine whether USNR's notice of removal was timely.