Stuart SHEINBERG and Darice Sheinberg, Plaintiffs,

v.

PRINCESS CRUISE LINES, LTD. and Mark Bronson, Defendants.

No. 02–61578–CIV.

United States District Court, S.D. Florida.

June 16, 2003.

Scott John Topolski, Rutherford, Mulhall & Wargo, Boca Raton, FL, for plaintiffs.

John Stephen Tracy, Jeffrey Bradford Maltzman, Jason L. Weissman, Kaye, Rose & Maltzman, Miami, FL, for defendants.

### ORDER DENYING MOTION TO REMAND ORDER GRANTING MOTIONS FOR EXTENSION OF TIME

MARRA, District Judge.

THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand and for Entry of Award of Attorney's Fees and Costs [DE 4], Plaintiffs' Motion for Extension of Time to Respond to Defendant Princess Cruise Lines' Motion to Dismiss [DE 6], Defendants Verified Motion to Correct Scrivener's Error [DE 7], Plaintiffs' Motion for Extension of Time to Respond to Defendants' Verified Motion to Correct Scrivener's Error [DE 10], Defendant Bronson's Motion to Compel Discovery [DE 16] and Plaintiffs' Cross Motion for Protective Order [DE 17]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiffs entered into a contract with Princess Cruise Lines to act as independent contractors responsible for conducting auctions of art during cruises of Princess' vessels. The contract contained various provisions governing Plaintiffs' duties and compensation. The contract also contained a termination clause and an arbitration clause. On May 8, 2002, Princess mailed a termination letter to Defendants. Plaintiffs allege that the termination letter does not comply with the contract in that it did not specify the reasons for termination and did not give Plaintiffs the opportunity to cure any problems.

Plaintiffs sued Princess for breach of contract. They sued Mark Bronson, an independent contractor with the title of Princess' Director of Princess Cruises Fine Arts, for tortious interference with their contract with Princess. The basis of the claim is that Bronson made false statements regarding Plaintiffs' lack of performance under the contract and his statements to art suppliers that Plaintiffs had no authority to buy art for Princess. On October 8 and 9, 2002, Bronson and Princess were served with Plaintiffs' state court complaint. On November 6, 2002, Princess removed the case to federal court, alleging both diversity and federal question jurisdiction.[1] On November 25, 2002, Plaintiffs timely moved to remand the case based upon the procedural defect of Princess' failure to include the consent of Defendant Bronson in its removal notice, and because the Federal Arbitration Act does not create federal jurisdiction. On December 2, 2002, Defendants moved to correct a "scrivener's error" in the Notice of Removal in that both Defendants were supposed to be included as consenting to removal of the case. The Corrected Notice of Removal repeats the allegation that both diversity jurisdiction and the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.* are bases for removal.

## II. DISCUSSION

Plaintiffs make two arguments in support of their motion for remand. First, Plaintiffs argue that Defendant Bronson failed to consent timely to removal of the case, thereby making removal improper under 28 U.S.C. § 1446. Plaintiffs also argue that there is no independent federal question jurisdiction under the Federal Arbitration Act. Defendants oppose the motion, arguing that a scrivener's error

resulted in only Princess' name being listed on the Notice of Removal, and, the Convention on Recognition of Foreign Arbitral Awards ("Convention"), as codified, specifically grants original jurisdiction and authorizes removal before trial without a thirty-day time limit.

■ On a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996). Federal question jurisdiction is specifically granted to disputes arising under the Convention pursuant to 9 U.S.C. § 203. In addition, 9 U.S.C. § 205 eliminates the requirement for the ground for removal to appear on the face of the complaint. Turning to the issue of lack of unanimity of consent, in general, all defendants must join the notice of removal under 28 U.S.C. § 1446(a) within thirty days of the time when the case becomes removable under § 1446(b). *In re Ocean Marine Mutual Protection and Indemnity Association, Ltd.,* 3 F.3d 353, 355 (11th Cir.1993); *Russell Corporation v. American Home Assurance Company,* 264 F.3d 1040, 1044 (11th Cir.2001). In this case, Defendant Bronson did not consent within the thirty day time limit.

In arguing that the time period for the unanimity requirement does not apply, Defendants rely upon the language of the statutes implementing the Convention that specifically state that "the defendant or the defendants may, at any time before the trial thereof, remove such action ... The procedure for removal of causes otherwise provided by law shall apply...." 9 U.S.C. § 205. Therefore, it appears that the Convention, as codified within the "Arbitration" title of the United States Code directly following the Federal Arbitration

---

1. Princess also moved to dismiss or stay the action pending arbitration. Plaintiffs have sought an extension of time to respond to the motion to dismiss or stay until after the Court rules on their motion to remand.

Act, eliminates the thirty-day time limit. The other "procedure[s] for removal," however, still apply.

The Eleventh Circuit has not directly considered whether the thirty day time limit applies to actions removed to federal court pursuant to the Convention.[2] However, in a case interpreting whether unanimity of consent by all defendants is a "procedure for removal" as stated in a statute authorizing the Federal Savings and Loan Insurance Corporation ("FSLIC") to remove any action, the Eleventh Circuit concluded that only the procedures in 28 U.S.C. § 1446 applied, and not those in Section 1441(a). *In re Federal Savings and Loan Insurance Corporation,* 837 F.2d 432, 435 (11th Cir.1988) (interpreting 12 U.S.C. § 1730(k)(1)(C)). Thus, the Eleventh Circuit concluded that the requirement of unanimity for consent of all defendants is part of Section 1441, and therefore did not apply to the FSLIC removal statute. *FSLIC,* 837 F.2d at 435, n. 6 (referring back to n. 2). While the thirty-day time limit is part of Section 1446(b), and was considered a "procedure for removal" by the Court in *FSLIC,* as discussed above, this time limit does not apply to actions removed pursuant to the Convention. 9 U.S.C. § 205.

While the above case law is not dispositive of the issues presented in the case at bar, this Court concludes that given the plain language of 9 U.S.C. § 205 regarding removal at any time before trial, the thirty day time limit does not apply to removal under the Convention.[3] *See Dale Metals Corp. v. Kiwa Chemical Industry Co., Ltd.,* 442 F.Supp. 78, 81, n. 1 (S.D.N.Y. 1977) (reaching same conclusion). Therefore, Defendants' filing of a Corrected Notice of Removal on December 2, 2002 which includes Defendant Bronson's consent to removal, was timely.[4]

In reaching this conclusion, the Court distinguishes the holdings of the cases relied upon by Plaintiffs. In *Shadley v. Miller,* 733 F.Supp. 54, 55 (E.D.Mich.1990), the court held that although the requirement for timely unanimity of consent to removal is not jurisdictional under 28 U.S.C. § 1446, it is mandatory. *Shadley,* however, did not involve the Convention. Moreover, because the removing defendant did not provide an explanation for not naming all defendants, the case was remanded. In the case at bar, the Convention is applicable and Defendants have explained why Defendant Bronson was not included in the initial Notice of Removal.

---

2. In two cases seeking to appeal a district court decision to remand a case removed under the Convention after 30 days had passed, the Court concluded that it lacked jurisdiction to hear an appeal of a remand order based upon a procedural defect. *In re Ocean Marine,* 3 F.3d at 356; *Velchez v. Carnival Corporation,* 331 F.3d 1207, 1208–1209 (11th Cir.2003).

3. An additional basis to allow amendment of a notice of removal is 28 U.S.C. § 1653, which states that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *See Holly Farms Corp. v. Taylor,* 722 F.Supp. 1152, 1156–57, n. 5 (D.Del.1989) (courts may grant leave to amend notice of removal to make technical

amendment though thirty-day limit has expired). This Court notes that though the title of this section refers to "Amendment of pleadings," the text of the statute does not appear limited to just pleadings.

4. The Court does not specifically grant Defendants' Verified Motion to Correct Scrivener's Error. As Plaintiffs point out, the Notice of Removal used the term "Defendant" and only referred to Princess Cruise Lines. Rather, the Court grants the relief requested as an attempt to amend the Notice of Removal. While such an amendment may or may not be allowed in a case decided solely upon the general removal statutes, under the more liberal time limit of 9 U.S.C. § 205, allowing such an amendment is appropriate.

The Court also distinguishes *Employers Insurance of Wausau v. Certain Underwriters at Lloyd's London,* 787 F.Supp. 165 (W.D.Wis.1992), *mandamus den., In re Amoco Petroleum Additives Company,* 964 F.2d 706, 711–713 (7th Cir.1992). In *Employers Insurance,* the district judge concluded that removal under 9 U.S.C. § 205 requires that all defendants join in the notice of removal and that such removal is still governed by the "one-shot at removal rule." 787 F.Supp. at 168–170. However, in that case, three defendants were never included in the three different Notice of Removals filed by the removing defendant.[5] Again, in the case at bar, Defendant Princess moved within 26 days to correct their Notice of Removal to include Defendant Bronson.[6] The Court therefore concludes that the Corrected Notice of Removal is timely filed for purposes of invoking federal question jurisdiction under the Convention.

■ The Court next turns to Plaintiffs' argument that Defendants never stated in their Notice of Removal or Corrected Notice of Removal that removal was based upon the Convention, 9 U.S.C. § 205, or that federal jurisdiction is based upon 9 U.S.C. § 202. Rather, Defendants stated that "the Court has original jurisdiction under 28 U.S.C. § 1331, specifically pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*" ¶ 3 to Corrected Notice of Removal. Defendants argue that the Convention, codified in Title 9 immediately following the Federal Arbitration Act ("FAA"), is part of the FAA for notice purposes. The Second Circuit Court of Appeals, though not deciding this precise issue, recognized that the Convention is part of the FAA by stating that an action arises under the Convention, "as enforced by Chapter Two of the Federal Arbitration Act, 9 U.S.C. § 201 et seq., because the parties reside in different countries and both of those countries . . . are signatories to the [Convention]." *Sphere Drake Insurance Limited v. Clarendon National Insurance Company,* 263 F.3d 26, 29 (2nd Cir.2001).

In addition, Section 208, part of the chapter codifying the Convention, states that "Chapter 1 [the FAA] applies to actions and proceedings brought under this chapter to the extent that that chapter is not in conflict with this chapter or the Convention as ratified by the United States." 9 U.S.C. § 208. Finally, in the legislative history of the Convention, the House Report on the Convention states in its Section–by–Section Analysis that the "proposed provisions of the new chapter 2 . . . would be added to the Federal Arbitration Act (title 9, U.S.C.)." H. Rep. No. 91–1181, at 2 (1970), *reprinted in* 1970 U.S.C.C.A.N. 3601, 3602. The Court therefore concludes that while Defendants should have simply stated that removal was pursuant to 9 U.S.C. § 205, the Corrected Notice of Removal was sufficient to place Plaintiffs on notice of the basis for removal.[7]

■ Finally, Plaintiffs argue that Bronson is not a party to the agreement to

---

**5.** The removing defendant moved to amend their notice to add 9 U.S.C. § 205 as a grounds for removal two and one-half months after its initial notice of removal. After the case was remanded, the removing defendant removed the case for a second time. None of the Notices referenced the three other defendants.

**6.** Of course, if the strict thirty-day time limit applied, then the length of the delay in correcting the Notice of Removal would not matter.

**7.** The Court finds Plaintiffs have not been prejudiced by this defect in the Notice as they were able to respond in their reply memorandum to Defendants arguments regarding removal pursuant to the Convention.

arbitrate, and therefore Defendant Bronson cannot invoke the more liberal time for removal under the Convention to remove the case. The Court disagrees. Defendant Princess invoked the authority of the Convention, while Bronson timely consented to removal pursuant to the Convention. Whether Bronson consented to *arbitration,* as opposed to *removal,* is not a question the Court must address in resolving the motion to remand. Whether Bronson consented to arbitration, and whether Plaintiffs must arbitrate the claim against Bronson, will await completion of briefing on the motion to dismiss or stay pending arbitration.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand and for Entry of Award of Attorney's Fees and Costs [DE 4] is hereby **DENIED**;

2. Plaintiffs' Motion for Extension of Time to Respond to Defendant Princess Cruise Lines' Motion to Dismiss [DE 6] is hereby **GRANTED**, and the response shall be due ten (10) business days from the date this Order is signed;

3. Defendants' Verified Motion to Correct Scrivener's Error [DE 7] is **GRANTED in part**, in that the Corrected Notice of Removal is deemed filed on December 2, 2002;

4. Plaintiffs' Motion for Extension of Time to Respond to Defendants' Verified Motion to Correct Scrivener's Error [DE 10] is hereby **GRANTED**, *nunc pro tunc;*

5. Defendant Bronson's Motion to Compel Discovery [DE 16] is hereby **GRANTED**, although the request for sanctions is **DENIED**. Plaintiff shall

respond to any outstanding discovery requests by July 11, 2003, and cooperate in setting Plaintiffs' depositions.[8]

6. Plaintiffs' Cross Motion for Protective Order [DE 17] is **DENIED**, as the motion for remand has now been resolved.

---

**8.** Such depositions should be set after July 11, 2003, unless Plaintiffs agree to have them set

earlier.